MORRIS RUBENSTEIN, Plaintiff, *v.* PINCUS COHEN, Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, November 6, 1930.

*Slade & Ohringer*, for the plaintiff.

*Israel Grunstein*, for the defendant.

PRINCE, J. The defendant, the moving party herein, is being sued by this plaintiff in two actions in this court. Both actions are for rent, and are based on a similar state of facts, but involve different months, and were commenced at different times.

By this motion the defendant seeks one of two alternative forms of relief with respect to the action first commenced. In that action the defendant failed to demand a jury, and now moves to consolidate it with the action subsequently commenced, wherein the defendant is entitled to a jury trial. This court holds, in accordance with the views it expressed upon the argument of the motion, that the defendant may not consolidate a jury case with a non-jury case and have the consolidated action tried before a jury, because such a procedure would result in the trial of two cases before a jury upon the payment of only one jury fee.

The defendant, however, presses its demand for the alternative relief, namely, that the action first commenced be transferred to the Municipal Court, Fourth District, Borough of Brooklyn, on the ground that plaintiff is a non-resident and defendant resides in the borough of Brooklyn. The plaintiff objects upon the ground that defendant failed to move for a change of venue within ten days after the service of a demand therefor, as required by rule 146 of the Rules of Civil Practice.

Inasmuch as the Municipal Court Code does not limit the time for moving for a change of venue after timely service of a demand for such change, I hold that rule 146 is applicable. It is urged by defendant that this rule is not mandatory, but is discretionary with the court. Whether or not it is discretionary need not now be decided, because even if the application of the rule were discretionary, the fact that defendant made no motion until nearly five months after his demand would deprive him of the right to favorable consideration. Motion denied.