Max Arkin et al., Doing Business under the Name of Arkin Headwear Co., et al., Appellants, *v.* Sig Heller Company, Inc., Respondent.

Supreme Court, Appellate Term, First Department, June 15, 1950.

*Stanley Hendricks* and *Julian Buchbinder* for appellants.

*Leo M. Wieder* for respondent.

Hofstadter, J. The action is by tenants against their landlord to recover for property damage caused by water leakage. It was begun in November, 1948, and noticed for trial on the jury calendar for November 23, 1948. It appeared on the pretrial calendar when settlement was discussed.

On January 22, 1950, shortly before the action was to be reached for trial, the plaintiffs served their bill of particulars to which photostatic copies of the leases under which the plain-

tiffs occupied their respective premises were annexed. The leases contain a waiver of jury trial clause identical with the one recently held by us applicable to an action such as this (*Caplan v. Goldman,* 197 Misc. 404).

By notice of motion dated January 27, 1950, the defendant moved to strike the action from the jury calendar and the court below granted the motion. Before granting the motion which resulted in the order under review the defendant had not objected to the presence of the action on the jury calendar. The appellants, admitting that but for the delay in moving to strike the case from the jury calendar, the waiver would defeat their right to jury trial, urge that because of this delay the motion should have been denied.

In my opinion, the appellants' contention should be upheld. Though it is suggested by the defendant that knowledge of the jury waiver clause in the leases was conveyed to it by the bill of particulars, I do not consider this claim decisive of the appeal. If the defendant in fact first learned of the jury waiver when the bill of particulars was served in January, 1950, it was inexcusably careless. If it knew before, then the failure to move sooner must have been deliberate. In either case its delay was unreasonable and amounted to laches.

The plaintiffs were prejudiced, for a prompt motion would have given them a much earlier trial on the nonjury calendar. A defendant should not be allowed to stand by while a case is working its way up on the jury calendar and when it is about to be reached on that calendar have it relegated to the nonjury calendar. Authority for this view is found in the two cases cited by the appellants (*Moskowitz v. Keith Sales Corp.,* N. Y. L. J., April 6, 1948, p. 1256, col. 7, NULL, J., and *Livelastic Suspender & Garter Co. v. Walker,* N. Y. L. J., January 27, 1950, p. 345, col. 3, McNALLY, J.) which, I think, formulate a salutary policy.

Of course, a jury waiver clause when seasonably asserted should be given effect. However, the constitutional right of jury trial should not be taken from a party lightly. Bearing in mind that the waiver clause in leases is of the landlord's creation it seems to me that no undue burden is put on the landlord in requiring him to invoke the waiver in the early stages of a litigation. If he remains inert, as the defendant did in this case, no equity in his favor calls for help from the court. I do not think it is so much a question of waiver or abandonment of his right, but rather of control by the court itself of proceedings before it.

The striking of the action from the jury calendar when it was about to be reached for trial on that calendar was an improper exercise of discretion.

The order should be reversed, with $10 costs and disbursements and motion denied.

PECORA and HECHT, JJ., concur.

Order reversed, etc.