McNally, J.
On September 8,1955, an order was made by our Special Term consolidating Action Number 2 pending in this court with four other actions. In Action Number 2 plaintiff, Parsoff, demanded a jury ánd paid the required fee therefor. The order of consolidation does not require the payment of an additional jury fee. The service of a certified copy of the order of consolidation upon the clerk of this court, in accordance with the requirement of said order, has been met with the contention that the defendants at whose instance said order was made are required to pay a jury fee. The said defendants, not having demanded a trial by jury, and disposed to waive a trial by jury, seek an order directing compliance with the order of consolidation without the payment of an additional jury fee.
Consolidation of actions serves to prevent duplication of trials, conserves judicial time, reduces expense of litigation, and, in addition, insures against divergent judgments on the same facts or transaction. Implicit in the order of consolidation is a finding of no prejudice to any substantial right. Generally speaking, proceedings subsequent to consolidation are the same as if the complaint in the action with which consolidation is effected had originally involved the same parties and issues as in the consolidated action.
The defendants having moved for consolidation may have waived the right such as it is to a nonjury trial because of the consolidation with Action Number 2 wherein a jury trial has been demanded. However, thereby the defendants did not subject themselves to the imposition of a jury fee. The jury fee provided for in paragraph (a) of subdivision I of section 1557-a of the Civil Practice Act pertains to “ a cause It is not a fee payable by each party desiring or submitting to a jury trial. In other words, one jury fee in a cause serves to qualify it for a *659 jury trial as to all parties in the cause. The subsequent change or addition of parties in such a cause does not, in the absence of special circumstances, affect the right to a jury trial. We, therefore, see no basis for requiring the defendants to pay a jury fee in the consolidated action when a jury fee has been paid in Action Number 2, with which the other actions have been consolidated.
In Rubenstein v. Cohen (138 Misc. 305, 306) defendant’s motion to consolidate a nonjury case with a jury case was denied because “ defendant may not consolidate a jury case with a non-jury case and have the consolidated action tried before a jury, because such a procedure would result in the trial of two cases before a jury upon the payment of only one jury fee.” Insofar as Rubenstein appears to hold that a nonjury case may not be consolidated with a jury case it is against the weight of authority in this department. (Meuer v. Horowitz, 20 N. Y. S. 2d 780; Edgewater Mach. Co. v. Weiss, 1 Misc 2d 862.) The order of consolidation precludes at this time examination of the propriety of the consolidation of the nonjury and jury cases. Were that question presented de novo the court would reject the conclusion reached in Rubenstein and hold that the jury and nonjury causes may be consolidated. Ordinarily, the reason assigned for a holding is irrelevant if the holding is contrary to the weight of authority and, therefore, not to be followed. It is noteworthy, however, that Rubenstein by implication assumes that no additional jury fee would be payable on the consolidation of a nonjury case with a jury cause since the reason assigned for not granting consolidation is that “ such a procedure would result in the trial of two cases before a jury upon the payment of only one jury fee.” To the extent that Rubenstein holds that the effect of a consolidation such as is here involved is to preserve the right to a jury trial without the payment of an additional jury fee this court is in accord. One of the purposes of consolidation is to reduce the expense of litigation. The Legislature recently expressly affirmed such purpose when it dispensed with the payment of an additional calendar fee upon transfer of a cause from one county to another. (Civ. Prac. Act, § 1557-a, subd. I, par. (c); L. 1955, ch. 380.) In the absence of express statutory provision there is no warrant for the assessment of two jury fees in what is tantamount to one cause. Accordingly, the calendar clerk is authorized to accept the certified copy of the order of consolidation without payment of an additional jury fee.