■■■ HELEN S. O'BRIEN, Respondent, v. CHARLES W. JEFTS et al., Appellants. (Action No. 1.) CHARLES A. SIMMONS, JR., Respondent, v. CHARLES W. JEFTS et al., Appellants. (Action No. 2.) VANCE R. FENTON, Respondent, v. CHARLES W. JEFTS et al., Appellants, and CHARLES A. SIMMONS, JR., Respondent. (Action No. 3.) — Appeal by defendants Tuttle and Jefts from an order of the Special Term of the Supreme Court of Albany County which granted a motion to consolidate three actions and directed

that the venue be in Albany County. The three actions arose out of a collision between two motor boats which occurred in Lake George, New York, on July 13, 1952. O'Brien and Fenton were passengers in the boat owned and operated by Simmons. Tuttle was a passenger in the boat owned by himself and Jefts and operated by Jefts. Both boats were damaged and O'Brien, Simmons and Fenton were injured. Actions 1 and 2 were commenced in August, 1954, in Albany County. Action 3 was commenced in July, 1955, in New York County. In Actions 1 and 2 the plaintiffs demanded trial by jury and both are presently on the trial calendar of the Supreme Court, Albany County. No jury was demanded in Action 3, which is presently on the nonjury calendar of the Supreme Court, New York County. On this appeal defendants Jefts and Tuttle argue that the right to a jury trial in Action 3 has been waived by failure to demand a jury (Civ. Prac. Act, § 426, subd. 5); that such waiver was irrevocable and that therefore they have a right to have the case tried without a jury, which right may not be taken away from them by consolidation. The fact that one action is triable by jury and the other without a jury is not a bar to consolidating the actions for jury trial (*Denton* v. *Koshfer,* 201 Misc. 394; *Meuer* v. *Horowitz,* 20 N. Y. S. 2d 780). We do not believe that the right to a nonjury trial is a substantial right, within the contemplation of section 96 of the Civil Practice Act. Appellants also urge other reasons why consolidation would prejudice their rights but we find them all to be unsubstantial. Order unanimously affirmed, with $10 costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.