■ In the Matter of CALOGERA GRECO, Appellant, v. MARTIAL GRECO, Respondent.— In a support proceeding, petitioner appeals, as limited by her brief, from so much of an order of the Family Court, Richmond County, dated April 27, 1972, as granted respondent's application to reduce child support payments and reduced the payments from $45 per week to $35 per week. Order reversed insofar as appealed from, on the law and the facts, without costs, and application denied. In our opinion, respondent failed to prove such a change in circumstances as would warrant a reduction in his support obligation. Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.

■ In the Matter of WILLIAM KLINE, Doing Business as BLACK WHALE INN, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination dated December 13, 1971, which was subsequently corrected by respondent's January 31, 1972 determination, which corrected determination (1) found that petitioner had suffered or permitted gambling on the licensed premises on September 2, 1970 and (2) suspended his special on-premises liquor license for a period of 10 days and made claim on his $1,000 surety bond. Determination as corrected annulled, on the law, without costs. Respondent's finding that gambling was suffered or permitted on petitioner's premises was not supported by substantial evidence (*Matter of 205 Linden Rest. Corp.* v. *New York State Liq. Auth.*, 29 A D 2d 890). Furthermore, if gambling did in fact occur, it was not shown to be of sufficient duration to warrant the implication that petitioner suffered or permitted the gambling within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law (*Matter of Migliaccio* v. *O'Connell*, 307 N. Y. 566, 568). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

■ LINDENWOOD REALTY Co., Appellant, v. BERNARD FELDMAN et al., Respondents. — In an action by a landlord to recover damages for alleged breach of a lease by the lessees, plaintiff appeals (by permission) from an order of the Appellate Term of the Supreme Court for the 9th and 10th Judicial Districts, dated January 6, 1971, which (1) reversed an order of the First District Court, Suffolk County, entered April 21, 1970, granting plaintiff's motion to vacate defendants' demand for a jury trial, and (2) denied the motion. Order of the Appellate Term reversed, with $10 costs and disbursements, and order of the District Court affirmed, on the dissenting opinion of Mr. Justice Gulotta in the Appellate Term (*Lindenwood Realty Co.* v. *Feldman*, 72 Misc 2d 68). Hopkins, Acting P. J., Munder, Shapiro and Benjamin, JJ., concur; Gulotta, J., not voting.

14 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PATRICK JOHN FLEMING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 16, 1972 on resentence. Appeal dismissed as moot. Defendant was released from incarceration, on parole, as of August 28, 1972. Rabin, P. J., Munder, Latham, Shapiro and Christ, JJ., concur.