■ ANGELA RUSSELL, Respondent, v. STANLEY RUSSELL, Appellant.— Judgment unanimously reversed, without costs, and matter remitted for trial by jury. Memorandum: Plaintiff, who had commenced an action for separation based on cruel and inhuman treatment, filed a note of issue demanding a jury trial after service of the answer, which contained a counterclaim for divorce also on the ground of cruel and inhuman treatment. Not having specified in her demand the issues which she wished tried by jury, plaintiff was " deemed to have demanded trial by jury of all issues so triable " (CPLR 4102, subd. [b]). Although the demand could have no effect with regard to the separation action, it did preserve the right to a jury trial which existed with respect to the grounds for divorce set forth in the counterclaim (Domestic Relations Law, § 173), and defendant was not required to take any further action to protect that right. " A demand for jury trial by one party may be relied upon by all of the other parties to the action. It is not necessary for each party to file a demand" (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4102.05). "If the jury demand is included in the first note of issue filed, there is no occasion or necessity for any other party to demand a jury. The case is then triable by jury whether he so desires or does not so desire" (*Downing* v. *Downing,* 32 A D 2d 350, 351). Once the demand for jury trial had been made by plaintiff (and relied on by defendant), the trial court erred in permitting a withdrawal of that demand over the objection of defendant. " A party may not withdraw a demand for trial by jury without the consent of the other parties " (CPLR 4102, subd. [a]). Furthermore, we find no waiver of defendant's right to a jury trial on plaintiff's request for a divorce, which came into the case only after the court

granted her motion to change the relief requested from separation to divorce, without altering the grounds. In view of the fact that the motion was granted immediately after the court had stated that it was going to discharge the jury and try the issue of cruel and inhuman treatment itself, defendant was not obligated again to ask for a jury trial of this same issue insofar as it now formed the basis for a request for a divorce. In any event, even if there had been a waiver as to the claim for relief introduced by plaintiff's amendment of her complaint, this would not affect the error committed by the trial court's refusal to grant a jury trial on defendant's counterclaim. With respect to plaintiff's request for counsel fees for defense of the appeal, we have stated that such an application should be made to the court of original instance (*Matter of Ebright* v. *Ward*, 39 A D 2d 1013; *Rubin* v. *Rubin*, 35 A D 2d 460; Domestic Relations Law, § 237, subd. [a]). (Appeal from judgment of Onondaga Special Term, in divorce action.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Cardamone, JJ.