■ INSPIRATION ENTERPRISES, INC., et al., Appellants, v INLAND CREDIT CORPORATION et al., Respondents. INLAND CREDIT CORPORATION, Respondent, v EDWINA RAGER, Appellant.—Order, Supreme Court, New York County, entered January 18, 1977, which denied the motions of appellants to vacate an oral order directing a trial of the consolidated actions without a jury, and denied reinstatement of appellants' demand for a jury trial, unanimously modified, on the law, to reinstate the jury demand in action No. 2, and otherwise affirmed without costs and without disbursements. The appellants are the plaintiffs in action No. 1, one of which plaintiffs is the respondent in action No. 2. Action No. 1 purportedly sets forth a cause of action under article 15 of the Real Property Actions and Proceedings Law, which would normally entitle the plaintiffs to a jury trial under CPLR 4101 (subd 2). The

individual plaintiffs are the sole shareholders of the corporate plaintiff and commenced this action to declare null and void a referee's deed in foreclosure held by the defendant. The defendant in action No. 1 is the petitioner in action No. 2, a summary dispossess proceeding to oust one of the individual plaintiffs of action No. 1 from possession of the premises. In action No. 1, title is concededly held by the defendant. Pursuant to the referee's deed, plaintiffs have a cause of action to set aside a voidable conveyance. This is not an interest in real property under article 15 of the Real Property Actions and Proceedings Law, and is therefore an equitable claim, which is not triable by a jury. However, there is a right to a jury trial in a summary dispossess proceeding (Real Property Actions and Proceedings Law, § 745). The court at the I. C. Part properly so recognized the situation, but held that due to consolidation, the right to a jury trial had been waived. This was not an organic consolidation, and the integrity of each of the actions has been preserved by the consolidation for the purpose of a joint trial. (CPLR 602, subd [b]; see *Pigott v Field,* 10 AD2d 99, 101.) Accordingly, the jury demand should be reinstated in action No. 2, the summary proceeding action. Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.