OPINION OF THE COURT
Benjamin F. Nolan, J.
Landlord petitioner moves to strike tenant’s jury demand because of a provision in an occupancy agreement waiving trial by jury in any action, proceeding or counterclaim whatsoever arising out of the occupancy agreement and/or tenant’s *611 use or occupancy of the premises which are the subject of this nonpayment summary proceeding. The occupancy agreement, herein, being in substance a lease, is subject to statutes and decisional law applicable to jury lease waivers. (Arol Dev. Corp. v Goodie Brand Packing. Corp., 83 Misc 2d 477, 479, affd 84 Misc 2d 493, 495, affd 52 AD2d 538, mot to dismiss app granted 39 NY2d 1057.) Such a waiver provision is generally valid and binding unless the proceeding is brought within the purview of section 259-c of the Real Property Law, which renders null and void a jury lease waiver in an action for personal injuries or property damages. (Avenue Assoc, v Buxbaum, 83 Misc 2d 719.) Tenant contends that his affirmative defense and counterclaim raise issues which are within the waiver prohibition of section 259-c of the Real Property Law; and, which sound in both contract and tort; and, which are thus not within the strict purview of the lease itself. These are allegations that petitioner has brought this proceeding in bad faith, in violation of a settlement in an earlier summary proceeding for the same relief, and that as a result "tenant herein has been forced to appear (in court) again, retain counsel, and lose time from work, and suffer a libel of his credit because of this lawsuit”, all of which he claims entitles him to money damages, including punitive damages. In support of these contentions, tenant argues that the case of Seventy-Second St. Props, v Halleran (NYLJ, Sept. 24, 1976, p 6, col 1 [Civ Ct, NY County]), is authority for applying the jury waiver bar of section 259-c of the Real Property Law to contract as well as tort cases "even where property damage is involved” so as to entitle him to a jury trial herein.
In Seventy-Second St. Props, v Halleran (supra), the issue was whether an action for damages under a lease, sounding in contract, not in tort, was within the purview of section 259-c of the Real Property Law. After noting differences on this issue between the First and Second Judicial Departments, that court said it would follow the construction given to section 259-c of the Real Property Law by the First Department, and then went on to sever the rent nonpayment proceeding, deny the motion to strike the jury demand as to the property damages claim, and grant the motion to strike the jury demand in the nonpayment proceeding.
The issue was faced more recently in 1625 Emmons Ave. Owners v Abbamonte (NYLJ, Mar. 20, 1978, p 14, col 6 [Civ Ct, Kings County]), where the court concluded that the waiver *612 prohibition of section 259-c of the Real Property Law should be interpreted "to preserve a tenant’s right to [a] jury trial where he sustains property damage or personal injury as a result of the landlord’s negligence in maintaining his premises.” In so doing, the court favored the view of the Second Department, that section 259-c of the Property Law should be regarded as a companion statute to section 5-321 of the General Obligations Law, which invalidates lease provisions purporting to exempt the landlord from liability for damages for injuries to person or property due to landlord’s negligence. (See Lindenwood Realty Co. v Feldman, 40 AD2d 855; Birch-wood Assoc, v Steigauf, 75 Misc 2d 728; Bohack Corp. v Lyric Light., NYLJ, Apr. 24, 1978, p 12, col 4 [App Term, 2d Dept]). That court pointed out (as did the court in Seventy-Second St. Props, v Halleran, supra) that the First Department has applied section 259-c of the Real Property Law to all claims of property damages, whether sounding in tort or in contract. (Swinger Realty Corp. v Kizner Imports, 70 Misc 2d 742.) Whatever the differences in interpretation may be in the two departments, it does not appear that the view in either department entitles tenant here to a jury trial on the kind of issues he raises in his affirmative defense and counterclaim. This court favors a point made in 1625 Emmons Ave. Owners v Abbamonte (supra), that "[n]either party may avoid its contractual commitment to waive a jury trial by the simple expedient of combining a cause of action in tort, whether real or spurious.” It would therefore appear consistent with both the Seventy-Second St. Props, (supra) and the 1625 Emmons Ave. (supra) cases to hold, and this court does hold that the affirmative defense and counterclaim asserted herein are hereby severed with leave to tenants to prosecute their claims embodied therein in a plenary action in the regular part of the Civil Court, and the motion to strike the jury demand with respect to the balance of the proceeding is granted.
Tenant’s further contention that he should be granted a hearing on the issue raised on this motion is denied based on the record before this court. (Avenue Assoc, v Buxbaum, 83 Misc 2d 719, supra.)
This proceeding, therefore, is set down for nonjury trial on the Trial Calendar of Part 17 of this court on January 19, 1979, at which time the Calendar Judge, in determining which part of the Housing Court should be assigned this proceeding *613 for trial, is alerted that a prior proceeding was determined by Housing Judge Anthony Andreacchi.