■ FRANK GORDON, on Behalf of Himself as a Shareholder of F.A.R. Mills, Ltd., and All Others Similarly Situated, Appellant, v MARTIN ERMANN et al., Respondents. — Order, Supreme Court, New York County (Kirschenbaum, J.), entered September 3, 1981, denying plaintiff's motion to consolidate this action with a related Nassau County action, unanimously reversed, on the law, the facts and in the exercise of discretion, with costs and disbursements, and the plaintiff's motion granted to the extent of directing a joint trial of both actions and of removing the Nassau County action to New York County. Plaintiff, a 50% shareholder of F.A.R. Mills, Ltd., which was judicially dissolved on October 31, 1980, brought the instant shareholders' derivative action in New York County to direct the individual defendants to account to the corporation and its shareholders for all damages sustained by reason of alleged unlawful acts committed by said defendants against the corporation. The individual defendants who own the remaining shares alleged in their second counterclaim that plaintiff's brother had wrongfully received $32,900 out of corporate funds. Subsequently, the individual defendants commenced an action in Nassau County against plaintiff's brother alleging the same claim as embraced within such counterclaim. Plaintiff's motion to consolidate the Nassau County action with the New York County action and to have such actions jointly proceed in New York County was denied by Special Term on the ground that as the New York County action was in equity, the shareholder defendants who are plaintiffs in the Nassau County action would lose their right to a jury trial if the Nassau County action was consolidated with plaintiff's action in New York County. Both actions have common questions of law and fact. Accordingly, plaintiff's motion is granted to the extent of directing a joint trial rather than organic consolidation (see *Padilla v Greyhound Lines,* 29 AD2d 495). There is no waiver of the individual defendants' right to a jury trial respecting their claim against plaintiff's brother (see *Shlansky & Bros. v Grossman,* 273 App Div 544; CPLR 4102, subd [c]). The integrity of the several actions is preserved and the "joint trial makes the right to open and close more readily determinable by the trial court" (*Padilla v Greyhound Lines, supra,* at p 498). Concur — Kupferman, J. P., Sullivan, Ross, Carro and Lupiano, JJ.

■ DIANA WALKER et al. v DANIEL W. JOY et al. — Motion granted only to the extent of permitting the appeal to be heard on the original record and upon reproduced appellant's points, on the terms and conditions contained in the order of this court, and insofar as the motion seeks formal assignment of appellant's retained attorney (CPLR 1102, subd [a]), the motion is denied as a matter of discretion (*Matter of Smiley,* 36 NY2d 433), being academic, in that the appellant has made contractual arrangements in that connection (*Wilson v State of New York,* 101 Misc 2d 924, 926). Concur — Murphy, P. J., Markewich, Silverman, Fein and Milonas, JJ.