OPINION OF THE COURT
Guy G. Ribaudo, J.
Petitioner Fowler Court Tenants, Inc., moves for an order striking respondents’ jury demand, ordering respon *493 dents Curtis and Denise Young to pay use and occupancy and disqualifying the firm of Fischbein, Olivieri, Rozenholc and Badillo from representing both the respondents tenants and the respondent undertenant John Bryant. Motion granted in part and denied in part.
Respondents assert a number of grounds to oppose the motion to strike the jury demand. They argue that the lease is terminated and accordingly that the jury waiver clause therein is no longer in effect. They assert that the court is without jurisdiction in this matter because the action does not fall within RPAPL 711 authorizing the use of summary proceedings; they further point out that even if it did fall within the ambit of that section, a summary proceeding in any event would not be the appropriate remedy for the landlord herein since the action is in essence one of ejectment. They also assert that by reason of the action being in the nature of an ejectment, this case falls within the ambit of Seventh Amendment cases requiring a jury trial. In addition, they argue that the jury waiver clause in the lease cannot be relied on by reason of the absence of written authorization of the petitioner’s agent who signed the lease pursuant to subdivision 2 of section 5-703 of the General Obligations Law as well as by the reason of the waiver not being knowing and intentional. Lastly, they assert that the counterclaims, being in the nature of personal injury, take the case out of the ambit of the jury waiver clause pursuant to section 259-c of the Real Property Law.
This court will firstly address itself to the argument that the respondents are entitled to a jury trial by reason of the alleged termination of the lease. The main action herein is a holdover proceeding commenced by reason of an alleged violation of substantial obligations of the tenancy as contained in paragraph “16” of the lease prohibiting subletting without the landlord’s prior written consent and paragraph “2” requiring occupancy by the tenants only. Paragraph “26” of the lease contains the clause whereby the parties agreed to waive trial by jury “on any matters whatsoever arising out of or in any way connected with this lease”. Clearly the matters involved in this proceeding arise out, of the lease. It is settled case law that where a *494 landlord’s litigation comes clearly within the scope of the provision waiving a jury trial, a tenant will not be permitted to nullify the waiver by interposing a plea that the lease has been terminated (Spevack v Breitman, 48 NYS2d 663; Clayman v Moelis, 28 NYS2d 196). Accordingly, this court will not permit the respondents herein to nullify the waiver on such grounds.
In order for the court to examine the issue of its jurisdiction, it is necessary to determine whether an expiration or a termination of the lease is involved herein and if the action is in the nature of an ejectment. Respondents argue that this court is without jurisdiction pursuant to RPAPL 711 by reason of their not being occupants of a rooming house. It is the court’s position that RPAPL 711 does not limit the use of summary proceedings to cases involving rooming house occupants but merely requires that such proceedings be used in order to remove such occupants from possession. On the contrary, RPAPL 711 lists a number of circumstances wherein the use of summary proceedings are permitted; among them, RPAPL 711 (subd 1) states that a special proceeding may be maintained, under article 7 upon the ground of a tenant continuing in possession “after the expiration of his term” without permission of the landlord. The court finds that this action falls within the above category as an expiration for reasons discussed below and accordingly that it does have jurisdiction. Respondents further argue that even if this action does technically fall within RPAPL 711, it is in essence a short-form action in ejectment “available by dint of common practice, not statutory authority” and therefore is within the ambit of the Seventh. Amendment guarantee of a jury trial. It is the court’s position that this matter is not in the nature of an ejectment for the reasons also stated below.
At the outset, it is important to distinguish between a condition and a conditional limitation because of the difference in remedies available to the landlord for regaining possession pursuant to each. Upon breach of a condition, a landlord may have the right to enforce the forfeiture of a leasehold by re-entry which as a general rule means ejectment. However in the case of a conditional limitation, the lease upon the occurrence of the stipulated event expires; if *495 the tenant continues in possession after the occurrence of the stipulated event, he is “holding over” after expiration of his term and RPAPL 711 authorizes a summary proceeding as the landlord’s remedy to remove the tenants (2 Rasch, NY Landlord & Tenant [2d ed], § 747). Under the old case law, it was originally held that summary proceedings did not lie where the landlord was seeking to recover possession on account of a breach by a tenant of some condition in the lease (Kramer v Amberg, 15 Daly 205, affd 115 NY 655). However, as the case law evolved, where a notice to vacate was necessary, the lease was not considered terminated by the violation of its terms. In Kennedy v Deignan (90 Misc 2d 238, 239-240), the court found that notice was a conditional limitation which created an expiration rather than a termination and therefore a summary proceeding was held available to the landlord to obtain possession as a holdover. In Martin v Crossley (46 Misc 254), the court held that where notice of the breach was required by a lease that that notice requirement was a conditional limitation and that it was the notice and not the breach of the condition that operated upon the lease; upon the giving of notice, the lease term expired justifying a summary proceeding (2 Rasch, NY Landlord & Tenant [2d ed], § 752).
This case was commenced subsequent to the service of the requisite notices pursuant to paragraph “17” of the lease. Accordingly, this court finds that these notices were conditional limitations service of which created an expiration rather than a termination of the lease, as a result of which a summary proceeding became available to the landlord as his remedy for possession pursuant to the statutory authority of RPAPL 711. In addition, by reason of this case being found not to be in the nature of an ejectment, the court finds that it does not fall within the ambit of Seventh Amendment cases and therefore does not require a trial by jury.
To further support their opposition, the respondents assert that the lease may not be used to bar them from asserting their right to a jury trial by reason of the absence of written authorization for petitioner’s agent to enter into the lease pursuant to subdivision 2 of section 5-703 of the *496 General Obligations Law. This is a Statute of Frauds defense; as such, in order to be enforced by either party against another, it must be properly pleaded as a defense in an action brought thereon pursuant to CPLR 3018 (subd [b]) or asserted by a motion to dismiss pursuant to CPLR 3211 (subd [e]). (2 Rasch, NY Landlord & Tenant [2d ed], § 752.) This court notes that the defense was not raised in respondents tenants’ answer; on the contrary, as a third affirmative defense, the respondents assert their occupancy to be pursuant to a valid lease agreement. This court further notes that its examination of the file revealed that no motion to dismiss had been made pursuant to CPLR 3211 (subd [e]). Accordingly, the court declines to entertain a Statute of Frauds defense raised at this time.
As to the argument that the jury waiver was not knowing and intentional by reason of the waiver language being “buried in the latter half of the lease” and being written in language only comprehensible to a landlord-tenant lawyer, this court notes that the standard lease form was used. It is settled case law that a jury waiver clause in a lease is generally valid and binding between parties and will bar a trial by jury in litigation covered by the provisions of the lease (Waterside Holding Corp. v Lask, 233 App Div 456). The respondents have failed to demonstrate to the court’s satisfaction any reason for the court’s not applying the general rule to this case. Accordingly, the court finds this jury waiver clause valid and binding.
Lastly respondents assert that the counterclaims in their answer fall within the ambit of personal injury claims as defined in section 37-a of the General Construction Law and accordingly the jury waiver clause is void pursuant to section 259-c of the Real Property Law which nullifies jury waivers where applied to personal, injury actions. The definition of personal injury in section 37-a of the General Construction Law includes “actionable injury to the person either of the plaintiff, or of another.” Respondents argue that their counterclaims sound in abuse of process, mental distress and fraud and accordingly fall within section 259-c of the Real Property Law. Respondents’ first counterclaim is for petitioner’s failure to maintain premises in good *497 repair as required by law and agreement and includes claims for the trouble and expenses that respondents were forced to as well as irreparable harm that they suffered as a result of petitioner’s refusal to maintain premises in such repair. The respondents’ second counterclaim is for attorneys’ fees pursuant to the lease and section 234 of the Real Property Law.
In Riverbay Corp. v Lattimore (98 Misc 2d 610), where the landlord moved to strike the tenants’ jury demand, the tenant also contended that his counterclaim, alleging damages for petitioner’s having brought the main action in bad faith in violation of a prior settlement, raised issues within the waiver prohibition of section 259-c of the Real Property Law. In that case (p 612) the court severed the counterclaim with leave to prosecute in a plenary action in the regular part of the Civil Court, and granted the motion to strike the jury demand with respect to the balance of the proceeding. The court supported its decision with a point made in 1625 Emmons Ave. Owners v Abbamonte (NYLJ, March 20,1978, p 14, col 6) that “[n] either party may avoid its contractual commitment to waive a jury trial by the simple expedient of combining a cause of action in tort, whether real or spurious.” It is the court’s position herein as well that respondents should not be permitted to avoid their contractual obligation by their use of'that device. Accordingly, the court directs that the respondents’ counterclaims be severed with leave to prosecute them in a plenary action in the regular Civil Court part. In addition, the court hereby grants the motion to the extent of striking respondents’ jury demand.
The court denies the portion of the motion requesting use and occupancy, that issue to be resolved at trial.
Lastly, this court denies the portion of the motion seeking to disqualify the firm of Fischbein, Olivieri, Rozenholc and Badillo from representing all of the respondents by reason of petitioner’s failure to demonstrate to the court’s satisfaction how such representation constitutes an inherent conflict of interest.
*498 The court directs that this proceeding be set down for trial on May 23, 1983 at 9:30 a.m. in Part 49, room 107 of the Civil Court. Clerk to notify both sides.