■ IMPORT ALLEY OF MID-ISLAND, INC., Appellant, v MID-ISLAND SHOPPING PLAZA, INC., et al., Respondents. (Action No. 1.) MID-ISLAND SHOPPING PLAZA, Respondent, v IMPORT ALLEY OF MID-ISLAND, INC., et al., Appellants. (Action No. 2.) — Appeal by the plaintiff in action No. 1 and the defendants in action No. 2, from an order of the Supreme Court, Nassau County (McGinity, J.), dated November 25, 1983, which directed that the actions be tried separately. ¶ Order reversed, with costs, and a joint trial directed in accordance herewith.

¶ In February, 1980, Import Alley of Mid-Island, Inc., a tenant in a shopping mall, brought action No. 1 against its lessor, Mid-Island Shopping Plaza Co. and the lessor's predecessor, alleging breaches of lease, negligence and constructive eviction due to the failure to properly maintain and repair the roof of the demised premises and building a structure blocking access to and visibility of the tenant's store. In April, 1980, the landlord commenced action No. 2 against the tenant and two guarantors on the lease for rent and cleaning expenses. The tenant asserted its claims in the first action as affirmative defenses in the second action. In October, 1980, Special Term granted the tenant's motion for a joint trial of both actions because they have common questions of law and fact. ¶ When the note of issue was filed by the tenant in June, 1982, a jury trial was demanded for both actions, but later that month it filed a new note of issue demanding a jury trial only for action No. 1. In December, 1982, the landlord filed a note of issue for action No. 2 with no jury demand and the tenant failed to demand a jury for that action. On the day of trial, the landlord for the first time asserted a jury waiver clause in the lease and Trial Term, over the tenant's objection, responded by limiting the jury demand in action No. 1 to the negligence cause of action because section 259-c of the Real Property Law bars a jury waiver in leases for "property damage". Subsequently, the court directed separate trials of the two actions and the tenant has appealed. ¶ While the provision in the lease waiving a trial by jury for any action between the parties arising out of the lease is normally valid and binding (*Waterside Holding Corp. v Lask,* 233 App Div 456), except for actions for personal injury or property damage (Real Property Law, § 259-c; *Lindenwood Realty Co. v Feldman,* 40 AD2d 855), when an adversary does not apply to strike a jury demand until the eve of trial the waiver clause can no longer be asserted (see *Cantor v 255 West 15th Holding Corp.,* 28 Misc 2d 503; *Arkin v Heller Co.,* 197 Misc 1084; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4102.14; Rasch, NY Landlord & Tenant [2d ed], § 1344). Thus, the landlord must be deemed to have waived the clause and the tenant is entitled to a jury trial for all causes asserted in action No. 1. However, the tenant is not entitled to a jury trial in action No. 2 since it failed to make a demand for a jury trial for that action (CPLR 4102, subd [a]). The first note of issue, which demanded a jury trial in both actions, cannot be relied upon by the tenant, since it was never served on the other parties in the actions (CPLR 4102, subd [a]) and since it was superseded by a second note of issue filed by the tenant which only included a jury trial demand for the first action (see *Fleischer v Institute for Research in Hypnosis,* 52 AD2d 828; *Romulus v Katz,* 117 Misc 2d 252). ¶ With respect to the issue of whether the actions should be tried separately or jointly, we substitute our own discretion for that of the trial court and order a joint trial (see *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466). When actions share material questions of law or fact, the interests of judicial economy are better served by a joint trial whenever possible (*Mideal Homes Corp. v L & C Concrete Work,* 90 AD2d 789; see, also, *Shanley v Callanan Inds.,* 54 NY2d 52, 57). The fact that one action is triable by jury and the other is triable by the court does not bar a joint trial since each action maintains its individuality with separate verdicts or decisions returned in each (*Inspiration Enterprises v Inland Credit Corp.,* 57 AD2d 800; *O'Brien v Jefts,* 3 AD2d 787; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.11). In the absence of prejudice to the parties, a simultaneous trial should be held with action No. 2 being tried by the court and action No. 1 being presented to a jury (see *Gordon v Ermann,* 87 AD2d 760; *Wallach Agency v Bank of N. Y.,* 75 AD2d 878; Siegel, NY Prac, § 378). ¶ While the sequence of the trial is within the discretion of the trial court (CPLR 503, 4011), it is appropriate in this case to direct that the jury claims in action No. 1 be tried first to prevent *res judicata* principles from effecting a back-door divestiture of

jury trial as well as to permit the trial court to set aside the jury verdict as against the weight of the evidence, if warranted, and to give the trial court the benefit of the jury's community experience in determining the remaining issues of fact in the case (see *Weinstein & Sons v Dic Concrete Corp.,* 29 AD2d 879; *O'Brien v Jefts, supra;* Siegel, NY Prac, § 378; 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.11). Thus, the trial court should instruct the jury to bring in a verdict in action No. 1, and after the jury has returned its verdict, the court may determine if the verdict is against the weight of the evidence. Thereafter, the court shall decide any issues in action No. 2 that were not disposed of by the jury verdict. Lazer, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.