OPINION OF THE COURT
Margaret Cammer, J.
Respondents move to consolidate 23 nonpayment proceedings for trial, pursuant to CPLR 602 (subd [a]) and CCA 110 (subd [b]). Petitioner cross-moves to strike respondents’ jury demand on the ground that certain of these tenants have signed leases containing jury waiver clauses.
Consolidation or joint trial not only saves time, trouble and expense, but also may prevent contradictory decisions based on the same facts. (See 2 Weinstein-Korn-Miller, NY Civ Prac, par 602.04; Shlansky & Bro. v Grossman, 273 App Div 544.) Where several “actions involving a common question of law or fact are pending before a court” (CPLR 602, subd [a]) and no substantial right would be prejudiced (see Lee v Schmeltzer, 229 App Div 206; Denton v Koshfer, 201 Misc 394), the court has discretion to order consolidation. Further, and more specifically applicable to *100 the instant motion, CCA 110 (subd [b]) requires that the court, on application of any party, “shall, unless good cause is shown to the contrary, consolidate all actions and proceedings pending * * * as to any building.” (Emphasis supplied.)
These proceedings are ripe for consolidation. All the respondents are tenants in the same building, located at 1202 Avenue K in Brooklyn. All the proceedings are for nonpayment of rent and allegedly involved building-wide defective conditions, including lack of heat and hot water, leaks and lack of painting and plastering. All respondents are being sued for alleged arrears in rent involving the same time period, and all have raised identical defenses, including breach of the warranty of habitability, repair and setoff, payment, res judicata and collateral estoppel. Put simply, these 23 respondents are apparently engaged in a concerted rent-withholding action, better known as a “rent strike”. The conclusion that these proceedings involve “a common question of law or fact” (CPLR 602, subd [a]) in “all actions and proceedings pending * * * as to any building” (CCA 110, subd [b]) is thus inescapable.
Notably, petitioner does not dispute consolidation in its answering papers but instead cross-moves to strike respondents’ jury demands. To support its position, petitioner has produced copies of written leases for 11 of the 23 respondents, 10 of which plainly contain jury waiver clauses.* As petitioner points out, it is settled law that a knowing and intentional jury waiver in a lease will be upheld in summary proceedings for nonpayment of rent. (Avenue Assoc. v Buxbaum, 83 Misc 2d 719.) However, because the right to trial by jury is fundamental, courts indulge every reasonable presumption against a finding of waiver. {Aetna Ins. Co. v Kennedy, 301 US 389.) The burden of proving a waiver rests upon the party seeking to enforce it. (Williams v Mascitti, 71 AD2d 813; L.G.J.K. Realty Corp. v Hartford Fire Ins. Co., 48 AD2d 670; Holrod Assoc. v Tomanovitz, 117 Misc 2d 371.)
Three of the leases relied on by petitioner to vitiate the jury demands herein expired before the commencement of these proceedings and each covers a rent-stabilized apartment. This court is aware of the substantial body of case law holding that the termination of a lease does not nullify a jury waiver clause in that lease. (See, e.g., Spevack v Breitman, 68 NYS2d 663; Clayman v Moelis, 28 NYS2d 196; Berdam Holding Corp. v *101 Lieberman, 21 NYS2d 626.) Based on this principle, jury waiver clauses in expired leases have been projected into various types of holdover tenancies (see, e.g., Lera Realty Co. v Rich, 273 App Div 913; Fowler Ct. Tenants v Young, 119 Misc 2d 492), including those created by statute. (See, e.g., Jamaica Investors v Blacharsh, 193 Misc 949; 130 West 57 Corp. v Hyman, 188 Misc 92; Continental Mdse. Co. v Harris, 76 NYS2d 613.) While most of the reported cases involving jury waivers have arisen under rent control, the Rent Stabilization Law, applicable here, contains no explicit prohibition against projecting the terms of an i expired lease into a statutory tenancy. (Cf. Pierre v Williams, 106 Misc 2d 81.)
However, under section 60 of the Code of the Rent Stabilization Association of New York City, Inc., by which petitioner is bound, a landlord is required, before the expiration of a tenant’s lease, to “offer to renew the lease at a rent not in gxcess of the stabilization rent permitted * * * and otherwise on the same conditions as the expiring lease * * * provided, however [that] * * * (b) upon the request of and with the consent of the tenant, the terms and conditions of a renewal lease entered into after November 1, 1978, may be re-written” (emphasis added). This language confers both a duty on the landlord to offer a renewal lease and a right in the tenant to request and consent to changes in the terms of that renewal lease. The tenant’s right can only be preserved if the landlord complies with its statutory responsibility. Thus, where a landlord fails to offer the tenant a renewal lease, the tenant is prevented from exercising its right to bargain for modification of the lease agreement.
In three of these cases, petitioner apparently seeks to benefit from the situation just described by moving to deny these tenants’ fundamental right to trial by jury in reliance on expired leases containing jury waiver clauses. The moving papers contain no indication that renewal leases were proffered or executed, or that the tenants refused to renew their leases upon demand pursuant to subdivision C of section 54 of the Code of the Rent Stabilization Association of New York City, Inc. Accordingly, this court can only conclude that no renewal leases were offered and that these tenants have been effectively denied their right to negotiate for a deletion of the jury waiver clauses.
Clearly, the Legislature could not have intended such a result under the Rent Stabilization Law, passed to protect the rights of tenants. The ancient equitable adage that “one may not benefit from his own wrong” still survives and will be applied to achieve the ends of justice. Therefore, this court holds that where a *102 landlord fails to offer a renewal lease as commanded by law, he or she may not come into court in reliance upon that expired contract as a ground for striking the tenant’s jury demand. (See Sobel-Halberg v Foss, Civ Ct, NY City, L&T No. 105824/79, affd NYLj, Oct. 29, 1980, p 6, col 3 [App Term, 1st Dept].)
In accordance with this holding, petitioner’s cross motion to strike the jury demands of tenants M. Adams, Grafton and Holder, being based upon jury waiver clauses contained in expired leases, is denied. Petitioner’s cross motion as to tenants Downs, Murray, L. Longchamp, Ellison, Robinson, Brown and Wheaton, being based upon current leases containing valid jury waiver clauses, is granted.
Petitioner has produced no lease agreements or other evidence to show that the remaining 13 respondents have waived their right to trial by jury. In fact, petitioner openly admits that when it succeeded the prior owner, it “was unable to secure leases for every tenant in the building.” The court cannot assume, as petitioner suggests, that unproduced leases exist and are “exactly the same as those in petitioner’s possession”. To the contrary, there is nothing to indicate or demonstrate that this is so except mere speculation by petitioner, which cannot serve as a basis to sustain petitioner’s burden of proving that respondents waived their right to a jury trial. Accordingly, petitioner’s cross motion is denied as to the remaining 13 respondents.
Other than its assertion of waiver, petitioner has neither alleged nor shown that any of its substantial rights would be prejudiced if these matters were tried jointly. An action triable by jury may be consolidated or tried jointly with one triable without a jury (Shlansky & Bro. v Grossman, 273 App Div 544, supra; Meuer v Horowitz, 20 NYS2d 780; 2 Weinstein-KornMiller, NY Civ Prac, par 602.11), even where some of the parties have waived their right to a jury trial. (See Inspiration Enterprises v Inland Credit Corp., 57 AD2d 800; O’Brien v Jefts, 3 AD2d 787.) A joint trial is not an organic consolidation and the integrity of each proceeding is preserved, allowing each to retain its separate identity and for entry of a separate judgment in each. (Import Alley of Mid Is. v Mid Is. Shopping Plaza, 103 AD2d 797; Inspiration Enterprises v Inland Credit Corp., supra; Barbilex Assoc. v Pesaitis, 113 Misc 2d 436.) However, since all of these proceedings share material questions of law and fact, a joint trial will also serve the interests of judicial economy. (Import Alley of Mid Is, v Mid Is. Shopping Plaza, supra; Mideal Homes Corp. v L & C Concrete Work, 90 AD2d 789.)
Accordingly, respondents’ motion to consolidate is granted to the extent of setting these proceedings down for a joint trial on *103 August 2,1984 at 9:30 a.m. Respondents are directed to serve a copy of this order upon the clerk of Part 35 of this court on or before July 30, 1984.
None of the leases annexed to petitioner’s motion papers bind the four tenants who paid a jury fee in these proceedings. As petitioner admits, the payment of one jury fee in a consolidated action is sufficient to entitle all respondents to a jury trial. (Parsoff v Brogrand Realty Corp., 1 Misc 2d 657; see, also, Donmar Realty Corp. v Kyle, Civ Ct, NY City, L&T No. 29416/76, Danzig, J.) Accordingly, the jury fee paid by respondents in proceedings 1 through 4 is deemed applicable to all respondents eligible for trial by jury in these proceedings.

 It is unknown whether the eleventh lease contains such a clause, since a large portion of the annexed lease copy is obscured and the legible portion does not reveal any jury waiver provision.