■ CHASE MANHATTAN BANK, N. A., Respondent, v NATHAN KALIKOW et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered March 1, 1988, which denied the motion of defendants, Messrs. Nathan and N. Richard Kalikow, for a jury trial to determine the reasonable amount of attorneys' fees to be recovered by plaintiff, is unanimously reversed, on the law and on the facts, and the motion is granted, without costs.

In 1983, the Chase Manhattan Bank, N. A. (plaintiff) commenced the instant action against Messrs. Nathan and N. Richard Kalikow (Kalikows), as well as other parties. In the action, plaintiff seeks, *inter alia,* enforcement of personal guarantees, executed by the Kalikows to secure loans, which plaintiff had made to certain real estate partnerships, and, of a claim against the Kalikows for the recovery of attorneys' fees.

Thereafter, by order, Supreme Court, New York County (Amos Bowman, J.), entered December 24, 1985, Special Term, *inter alia*, granted the motion of plaintiff for summary judgment to enforce the guarantees against the Kalikows, severed the portion of the action which sought the recovery of attorneys' fees, and, "the Calendar Clerk * * * is directed upon the filing of a Note of Issue and a Statement of Readiness * * * to place this [portion of the] action on the waiting list for assessment of reasonable attorneys' fees". We affirmed this order *(Chase Manhattan Bank v Kalikow,* 118 AD2d 1053 [1st Dept 1986]).

Following entry of Special Term's order, plaintiff filed a printed form note of issue and certificate of readiness. Our examination of the form indicates that the plaintiff demanded a jury trial of the issue of the recovery of legal fees, and, on September 21, 1987, Supreme Court Justice Harold Baer, Jr. (Justice Baer) so ordered such jury trial.

Over three months later, plaintiff's counsel wrote Justice Baer a letter, in which he requested that the subject issue be determined by the court, and not by a jury. In response, by letter dated January 11, 1988, counsel for defendants Kalikow (defendants) opposed plaintiff's request, and demanded a jury trial. Thereafter, in February 1988, defendants moved to confirm their right to a jury trial. In an order entered March 1, 1988, Trial Term denied defendants' motion, and referred the issue "to a Judicial Hearing Officer for hearing and determination". Defendants appealed.

CPLR 4101 lists the issues of fact which are triable by a jury as a matter of right *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac art 41, for a discussion of the right to a jury trial). More than 50 years ago, this court unanimously stated, in *Livingston v Blumenthal* (248 App Div 138, 140 [1st Dept 1936]), which was a case involving a claim to recover the reasonable value of legal fees, that "We believe it is appropriate in a case such as this where damages are unliquidated and where the right to a jury trial of the action had not been waived, to direct the assessment of damages by a court and jury". The decision in *Livingston v Blumenthal (supra)* is based upon an application of Civil Practice Act § 425, which section is the source of the present CPLR 4101, mentioned *supra.*

As discussed *supra,* the plaintiff initially made a demand for a jury trial, and then when plaintiff attempted to withdraw that demand, defendant opposed.

CPLR 4102 (a) reads, in pertinent part, "A party may not withdraw a demand for trial by jury *without the consent of the other parties"* (emphasis supplied). When we apply the plain meaning of this provision to the facts of the case before us, we find that, since defendants have never consented to the withdrawal of plaintiff's jury demand, the trial court erred in denying defendants' motion *(see, Russell v Russell,* 40 AD2d 945 [1972]).

Accordingly, we reverse, and grant the motion. Concur—Sandler, J. P., Ross, Rosenberger and Wallach, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH SPULKA, Appellant.—Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered on June 25, 1986, unanimously affirmed.