■ EDWARD J. MUHL, Superintendent of Insurance of the State of New York, as Liquidator of MIDLAND INSURANCE COM-

214

PANY, Respondent, v VESTA FIRE INSURANCE CORP., as Successor in Interest to INTERSTATE FIRE INSURANCE COMPANY, Appellant. [745 NYS2d 691]

Over defendant's opposition, the IAS court initially granted plaintiff's motion, in October 2000, to sever certain (Pool I) claims for referral to a referee; but in his subsequently filed note of issue, dated February 2001, plaintiff inexplicably demanded a jury trial on that issue. Two months later, plaintiff moved to amend the note of issue to omit his request for a jury trial.

Once a party has demanded a jury trial, he may not withdraw that demand without the consent of the other parties (CPLR 4102 [a]). In granting plaintiff's motion to amend the note of issue, the IAS court found lack of prejudice to defendant (see, CPLR 4102 [e]) based on the circumstance that the court had already ordered this issue to be tried by a referee. However, that prior referral order was recently reversed on appeal by this Court (288 AD2d 108), subsequent to the IAS court's latest ruling. Defendant thus would be prejudiced by losing its constitutional right to a jury trial on this issue of money damages. Concur—Andrias, J.P., Buckley, Rosenberger, Wallach and Gonzalez, JJ.