■ ANTHONY SAPP et al., Appellants, v THE PROPELLER COMPANY LLC et al., Respondents. (And a Third-Party Action.) [784 NYS2d 532]—

Order, Supreme Court, New York County (Edward H. Lehner,

J.), entered March 10, 2004, which granted defendants' motion for leave to withdraw their jury demand, unanimously reversed, on the law, with costs, and the motion denied.

Although the lease between the parties contains a waiver of the right to a jury trial, defendants served and filed a jury demand on or about May 2, 2003. On or about January 21, 2004, the parties were advised that jury selection would begin on February 11, 2004. On the latter date, however, defendants made an oral application for leave to withdraw their jury demand, whereupon the court, sua sponte, adjourned the trial in order to afford defendants time to move on papers for such relief. On defendants' subsequent written motion, and over plaintiffs' opposition, the court granted defendants leave to withdraw their jury demand.

We reverse. Under CPLR 4102 (a), defendants had no right to withdraw their jury demand without plaintiffs' consent (*see Muhl v Vesta Fire Ins. Corp.*, 297 AD2d 213, 214 [2002]; *Chase Manhattan Bank v Kalikow*, 143 AD2d 557, 559 [1988]). Defendants' delay of the motion to withdraw the jury demand until the scheduled date of jury selection was unduly prejudicial to plaintiffs, thereby precluding relief under CPLR 4102 (e), in that, by the time of the motion, the jury demand had led plaintiffs to prepare for a jury trial. In addition, defendants' filing of the jury demand presumably resulted in a lengthier delay of the trial than otherwise would have occurred (*see Arkin v Sig Heller Co.*, 197 Misc 1084 [App Term, 1st Dept 1950]). As to the lease's jury-waiver clause, it is no longer determinative of the mode of trial. Defendants waived the protection of that clause by affirmatively demanding a jury trial and then failing to seek to withdraw the demand until nine months later (*see General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232, 236 [1995] [waiver is "the voluntary and intentional abandonment of a known right which, but for the waiver, would have been enforceable"]). In this regard, we note that even delay in moving to strike an adversary's jury demand may preclude a party from relying on a contractual waiver of the right to trial by jury (*see Arkin v Sig Heller Co.*, 197 Misc at 1085; *see also Livelastic Suspender & Garter Co. v Walker*, 99 NYS2d 174 [Sup Ct, NY County 1950]; *Moskowitz v Keith Sales Corp.*, 99 NYS2d 173, 174 [Sup Ct, NY County 1948]). Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.