CDC Dev. Props., Inc. v American Ind. Paper Mills Supply Co., Inc. (2020 NY Slip Op 03216)





CDC Dev. Props., Inc. v American Ind. Paper Mills Supply Co., Inc.


2020 NY Slip Op 03216


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-01935
 (Index No. 51573/15)

[*1]CDC Development Properties, Inc., respondent,
v
American Independent Paper Mills Supply Company, Inc., appellant, et al., defendant. Mark E. Constantine, Irvington, NY, for appellant.


Gallo Vitucci Klar, LLP, New York, NY (Kimberly A. Ricciardi and John U. H. Blumenstock of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant American Independent Paper Mills Supply Company, Inc., appeals from an order of the Supreme Court, Westchester County (Nicholas Colabella, J.), dated January 31, 2018. The order, insofar as appealed from, denied that branch of its motion which was to strike the plaintiff's demand for a jury trial.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2006, the parties entered into a commercial lease whereby the defendant American Independent Paper Mills Supply Company, Inc. (hereinafter AIP), agreed to lease approximately 26,400 square feet of office and warehouse space at South Depot Plaza in Tarrytown for a 10-year term to the plaintiff, CDC Development Properties, Inc. (hereinafter CDC), for the purpose of operating an activities and sports complex. The lease contained a waiver of trial by jury in any action, proceeding, or counterclaim brought by either party against the other on any matters arising out of or in any way connected with the lease other than personal injury or property damage claims. Following the commencement of this action and the completion of discovery, CDC filed a note of issue in March 2017 containing a demand for a trial by jury. At a pretrial appearance on January 24, 2018, AIP objected to the jury demand and subsequently moved, inter alia, to strike the demand. The Supreme Court denied the motion.
Although a party may file a motion to strike the demand for a jury trial "at anytime up to the opening of trial" (Moyal v Sleppin, 139 AD3d 605, 605; see A.J. Fritschy Corp. v Chase Manhattan Bank, 36 AD2d 600, 600), we agree with the Supreme Court's determination to deny that branch of AIP's motion which was to strike the demand, which was made on the eve of trial (see Sapp v Propeller Co. LLC, 12 AD3d 218, 219; Import Alley of Mid-Is. v Mid-Island Shopping Plaza, 103 AD2d 797, 798). It is incumbent upon the party challenging a jury demand in a case involving a contractual waiver of the right to a jury trial to do so in a timely manner (see Sapp v Propeller Co. LLC, 12 AD3d at 219; Import Alley of Mid-Island, Inc. v Mid-Is. Shopping Plaza, 103 AD2d at 798; see also A.J. Fritschy Corp. v Chase Manhattan Bank, 36 AD2d at 600).
BALKIN, J.P., LEVENTHAL, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court