In an action to recover damages to property, the defendant Palisades Eklecco Corp. appeals from an order of the Supreme Court, Rockland County (Bergerman, J.), dated March 19, 2003, which denied its motion to vacate a judgment of the same court dated September 20, 2002, entered upon its failure to appear or answer.
Ordered that the order is reversed, without costs or disbursements, the motion is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Rockland County, for a new inquest on the issue of damages.
The appellant failed to rebut the plaintiffs proof that it received actual notice of the summons in time to defend (see CPLR 317; Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138 [1986]). Furthermore, the appellant failed to proffer a reasonable excuse for its failure to appear in this action or to respond to numerous notices of default (see Truscello v Olympia Constr., 294 AD2d 350 [2002]). Such a pattern of default or neglect is considered intentional and should not be excused (see De La Barrera v Handler, 290 AD2d 476 [2002]).
However, the appellant should be permitted to contest the issue of damages. As more than one year had elapsed since the appellant’s default in appearing and answering, the appellant was entitled to at least five days’ notice of the time and place of the inquest (see CPLR 3215 [g]; Astron Steel Fabrications v Kent Restoration, 283 AD2d 381 [2001]). Since the appellant did not receive such notice and was entitled to give testimony and offer proof on the issue of damages (see Rokina Opt. Co. v Camera King, 63 NY2d 728 [1984]), the Supreme Court should have permitted the appellant to appear at the inquest. Accordingly, we remit the matter for a new inquest on the issue of damages. Altman, J.P, S. Miller, McGinity, Adams and Mastro, JJ., concur.