■ LIFSHA SPIRA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [854 NYS2d 134]—

Under the circumstances, it was an improvident exercise of discretion to grant the default judgment. While defendant's excuse for its default, i.e., law office failure by reason of understaffing, is not particularly compelling, it constitutes "good cause" nonetheless (*Casiano v City of New York*, 245 AD2d 244 [1997]), especially since there is no evidence that plaintiff was prejudiced; on the other hand, defendant will be severely prejudiced if the motion is granted. Moreover, defendant showed an intent to defend, with its proffer of a stipulation seeking to extend the time to answer before the period expired, and its belated (six months late) service of an answer with a meritorious defense. In our view, this is not an appropriate case for departure from this State's preference for resolving controversies upon the merits. Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ.

SECOND DEPARTMENT, MARCH, 2008

(March 4, 2008)

■ CRYSTAL AGNEW, Respondent, v CORNER STONE BAPTIST CHURCH, Appellant, et al., Defendant. [851 NYS2d 893]—

There are issues of fact requiring the denial of summary judgment (*see* CPLR 3212; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Rivera, J.P., Miller, Dillon and Belen, JJ., concur.