■ RICKI ROSENBLATT, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [997 NYS2d 126]—

Order, Supreme Court, New York County (Joan A. Madden, J.), entered April 8, 2013, which granted defendants' motion to vacate a judgment entered upon default, unanimously modified, on the facts, to condition the vacatur upon defendants' payment of $6,000 to plaintiff's attorneys within 30 days after service of a copy of this order, and, as so modified, affirmed, without costs.

Defendants demonstrated an excuse of law office failure through the assigned attorney's detailed affirmation setting forth the series of mistakes that resulted in the granting of

plaintiff's motion for entry of a default judgment, just after defendants had served an answer, which was about six months late (*see Spira v New York City Tr. Auth.*, 49 AD3d 478 [1st Dept 2008]; *Goldman v Cotter*, 10 AD3d 289 [1st Dept 2004]; CPLR 2005). Defendants also presented a potentially meritorious defense based on plaintiff's testimony at the General Municipal Law § 50-h hearing that rainwater may have been tracked onto the steps by pedestrians, since that condition could have caused or contributed to her fall (*see Hussein v New York City Tr. Auth.*, 266 AD2d 146 [1st Dept 1999]). The State's preference for resolving controversies on the merits weighs in favor of vacating defendants' default. However, in light of the litigation necessitated and costs incurred as a result of defendants' dilatory conduct, we condition vacatur upon payment to plaintiff's attorneys of the amount indicated (*see Spira*, 49 AD3d at 478; *Goldman*, 10 AD3d at 289). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Clark, JJ.