◼ SHAUN GOLDEN et al., Respondents, v PAIGE ROMANOWSKI, Appellant. [9 NYS3d 653]—

In an action to recover damages for defamation, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 17, 2014, which denied her motion to vacate her default in appearing at an inquest on damages and to restore the case to the Calendar Control Part for the purpose of selecting a jury for an inquest on damages, and (2) a judgment of the same court entered May 20, 2014, which, upon, inter alia, the order, is in favor of the plaintiff and against her in the principal sum of $4,474,849.33

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, the defendant's motion to vacate her default in appearing at an inquest on damages and to restore the case to the Calendar Control Part for the purpose of selecting a jury for an inquest on damages is granted, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In order to vacate her default in appearing at the inquest on damages scheduled for October 2, 2013, the defendant was required to demonstrate both a reasonable excuse and a potentially meritorious defense (see CPLR 5015 [a] [1]; Goldenberg v Goldenberg, 123 AD3d 761 [2014]; Apladenaki v Greenpoint Mtge. Funding, Inc., 117 AD3d 975, 976 [2014]; Taylor v Saal, 4 AD3d 467 [2004]). The determination of what constitutes a reasonable excuse generally lies within the sound discretion of the trial court (see Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC, 123 AD3d 986 [2014]; 9 Bros. Bldg. Supply Corp. v Buonamicia, 106 AD3d 968, 969 [2013]). In making that discretionary determination, the court should consider relevant factors such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there

has been willfulness, and the strong public policy in favor of resolving cases on the merits (*see Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614 [2015]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 60 [2013]).

Here, the defendant's attorney proffered a detailed explanation for his mistaken belief that no inquest was scheduled to be conducted by the Individual Assignment Justice on October 2, 2013. The defendant's attorney explained that, based on his experience, he believed that since the plaintiffs had filed a demand for an inquest by jury, any inquest would have to be conducted by the Justice presiding over the Calendar Control Part. He also averred that he contacted the chambers of the Individual Assignment Justice on October 1, 2013, and was advised that the matter had been remanded to the Calendar Control Part, and would not appear on the Individual Assignment Justice's calendar of October 2. Under these circumstances, the defendant's excuse for her failure to appear at the inquest on damages was reasonable (*see Lyubomirsky v Lubov Arulin, PLLC*, 125 AD3d 614 [2015]; *Madonna Mgt. Servs., Inc. v R.S. Naghavi M.D. PLLC*, 123 AD3d 986 [2014]; *Apladenaki v Greenpoint Mtge. Funding, Inc.*, 117 AD3d at 976). Furthermore, the defendant demonstrated a potentially meritorious defense to the damages claimed by the plaintiffs. Although the defendant's answer was stricken, a defaulting defendant does not admit the plaintiff's conclusion as to damages, and is entitled at an inquest to cross-examine witnesses, give testimony, and offer proof in mitigation of damages (*see Amusement Bus. Underwriters v American Intl. Group*, 66 NY2d 878, 880 [1985]; *Rokina Opt. Co. v Camera King*, 63 NY2d 728, 730 [1984]; *Paulus v Christopher Vacirca, Inc.*, 128 AD3d 116 [2d Dept 2015]; *Rawlings v Gillert*, 104 AD3d 929, 931 [2013]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to vacate her default in appearing at the inquest on damages.

That branch of the defendant's motion which was to restore the case to the Calendar Control Part for the purpose of selecting a jury for an inquest on damages also should have been granted. The plaintiffs demanded an inquest by jury in their note of issue, and did not validly waive that demand in accordance with the provisions of CPLR 4102 (c) (*see Sapp v Propeller Co. LLC*, 12 AD3d 218 [2004]).

The plaintiffs' remaining contentions are without merit. Eng, P.J., Hall, Cohen and Barros, JJ., concur.