■ IMOVEGREEN, LLC, et al., Appellants, v FRANTIC, LLC, et al., Respondents. [32 NYS3d 103]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered June 1, 2015, which, upon defendants' motion to vacate a default judgment entered against them and to lift related restraints on their bank accounts, among other things, stayed any efforts to execute upon the default judgment, and directed defendants to post a bond in the amount of $25,000, and, upon proof of the filing of such bond, to settle an order on notice vacating the default judgment and lifting the related restraints, unanimously reversed, on the law, the facts, and in the exercise of discretion, with costs, defendants' motion denied, and the court-ordered stay vacated.

Although "certain law office failures may constitute reason-

able excuses" (*Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]), a claim of law office failure should be rejected if the conduct is part of a pattern of "persistent and willful inaction" (*Youni Gems Corp. v Bassco Creations Inc.*, 70 AD3d 454, 455 [1st Dept 2010]), "dilatory behavior" (*Perez v New York City Hous. Auth.*, 47 AD3d 505, 506 [1st Dept 2008]) or "willful default and neglect" (*Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2d Dept 2004]). This is such a case. Defendants' alleged law office failure is not excusable, as the record shows that defense counsel was fully aware of his obligations and intentionally and repeatedly failed to attend to them (*Forum Ins. Co. v Judd*, 191 AD2d 230, 230 [1st Dept 1993]; CPLR 2005).

Among other things, defense counsel failed to appear for a preliminary conference, failed to respond to discovery demands, failed to oppose plaintiff's separate motions to compel and to strike defendants' pleadings and failed to appear for an inquest, ignoring numerous emails, phone calls and voice messages from plaintiffs' counsel and the court clerk in the process. While defense counsel seeks to place the blame for this pattern of default and neglect on an associate, defense counsel himself requested the adjournment of the motion to strike in April of 2014, and his purported associate was not involved with or even mentioned in that request.

Further, plaintiffs' counsel's inquiry into defense counsel's affidavit of engagement in support of that request for an adjournment revealed that defense counsel made an affirmative misrepresentation to the court, because he was not still actually engaged in the matter he claimed to be involved with. Despite the court's accommodations in granting the adjournment, and defense counsel's irrefutable knowledge of plaintiff's motion to strike his pleadings, he failed to appear at the rescheduled hearing date or any future court appearances, including the inquest. It was not until defendant's bank accounts were frozen after the default judgment was entered that defense counsel attempted to vacate the default. Plaintiff was prejudiced by defense counsel's actions, including that they pursued their legal rights for two and a half years and incurred legal expenses while defendants abused the court system, and they may now be unable to locate several witnesses as a result of the delay.

In addition, defendants' conclusory assertion that plaintiffs had breached the parties' contract is insufficient to show a meritorious defense (*James v Hoffman*, 158 AD2d 398, 398 [1st Dept 1990]; *see generally Goncalves v Stuyvesant Dev. Assoc.*,

232 AD2d 275, 276 [1st Dept 1996]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.