Spivey v City of New York (2018 NY Slip Op 08557)





Spivey v City of New York


2018 NY Slip Op 08557


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7880N 154249/14

[*1] Rakim Spivey, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents.


Tracie A. Sundack & Associates, L.L.C., White Plains (Tracie A. Sundack of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Kathy C. Park of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered January 27, 2017, which denied plaintiff's motion pursuant CPLR 5015(a)(1) to vacate a prior order, same court and Justice, entered on or about April 25, 2016, dismissing the complaint, on default, for failing to respond to defendants' CPLR 3126 motion to dismiss the complaint, unanimously affirmed, without costs.
Supreme Court properly exercised its discretion to deny plaintiff's motion to vacate the prior order dismissing his complaint on default. The default on which the dismissal was based — plaintiff's failure to respond to a motion to dismiss under CPLR 3126, allegedly due to his counsel's mis-calendaring of the return date — was not an isolated mistake but part of a pervasive pattern of neglect in prosecuting this action evident from the record, including his persistent failure to satisfy discovery obligations for about a year and a half. As part of a pattern of "intentional[] and repeated[] fail[ure] to attend to [his obligations]" (Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 540 [1st Dept 2016]), the law-office failure leading to the default was not excusable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK