Dejesus v H.E. Broadway, Inc. (2019 NY Slip Op 06743)





Dejesus v H.E. Broadway, Inc.


2019 NY Slip Op 06743


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-07883
 (Index No. 704517/15)

[*1]Katherin Dejesus, respondent,
v H.E. Broadway, Inc., appellant.


Alexander M. Dudelson, Brooklyn, NY, for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), entered May 1, 2018. The judgment, upon an order of the same court (Martin J. Schulman, J.), dated April 24, 2017, striking the defendant's answer, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the principal sum of $267,221.77.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a new inquest on the issue of damages.
The plaintiff commenced this action against the defendant to recover damages for personal injuries allegedly sustained by her in a slip-and-fall accident that occurred on the defendant's property. Although the defendant timely filed a verified answer, the Supreme Court thereafter struck the answer and scheduled an inquest on the issue of damages. At the inquest, following direct testimony by the plaintiff, the court denied defense counsel's request to cross-examine the plaintiff, since the defendant's answer had been stricken. The court awarded the plaintiff damages in the principal sum of $267,221.77. The defendant appeals.
"[A] defendant whose answer is stricken as a result of a default admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; see Golden v Romanowski, 128 AD3d 1009, 1010; Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). "Accordingly, where a judgment against a defaulting defendant is sought by motion to the court, the defendant is entitled, at an inquest to determine damages, to cross-examine witnesses, give testimony, and offer proof in mitigation of damages" (Paulus v Christopher Vacirca, Inc., 128 AD3d at 126; see Rokina Opt. Co. v Camera King, 63 NY2d at 730; Rawlings v Gillert, 104 AD3d 929, 931; New York Tel. Co. v Siegel Constr. Co., 1 AD3d 329). Here, since the Supreme Court did not provide such an opportunity to the defendant, we remit the matter to the Supreme Court, Queens County, for a new inquest on the issue of damages (see Rawlings v Gillert, 104 AD3d at 931).
BALKIN, J.P., CHAMBERS, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court