Matter of Progressive Specialty Ins. Co. v Tapia (2019 NY Slip Op 08802)





Matter of Progressive Specialty Ins. Co. v Tapia


2019 NY Slip Op 08802


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10526 20000/17E

[*1] In re Progressive Specialty Insurance Company, Petitioner-Respondent,
v
Pabel N. Tapia, Respondent-Appellant.


Yadgarov & Associates, PLLC, New York (Ronald S. Ramo of counsel), for appellants.
Picciano & Scahill, P.C., Bethpage (Albert J. Galatan of counsel), for respondent.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered August 27, 2018, which denied respondent Pabel Tapia's motion to vacate an order, entered upon his default, permanently staying the parties' arbitration, unanimously affirmed, without costs.
In support of his motion to vacate, respondent failed to establish a reasonable excuse for his failure to appear for hearings and a meritorious defense (see Mutual Mar. Off., Inc. v Joy Constr. Corp., 39 AD3d 417, 419 [1st Dept 2007]). Respondent does not address the fact that he failed to appear on two hearing dates — November 15, 2017 and January 10, 2018. The record is devoid of any excuse or letters from counsel regarding respondent's failure to appear for the November hearing.
With respect to the January hearing, respondent contends that he did not receive notice of that court date from his counsel because he had moved to Connecticut and that when he learned of the date he could not take time off from work on short notice. While respondent submitted an affidavit to this effect, he submitted no evidence to corroborate that he was scheduled to work on that day and could not take time off. Regardless, it is uncontested that he knew about the court appearance before it took place and did not attend. Respondent's conduct demonstrates a pattern of willful neglect (see Imovegreen, LLC v Frantic, LLC, 139 AD3d 539 [1st Dept 2016]).
Respondent failed to demonstrate a meritorious defense to the petition to stay arbitration, i.e., that he was covered under the insurance policy issued by petitioner to his cousin for the motor vehicle accident in which he allegedly was injured. The issue to be determined at the January hearing was whether respondent was a member of his cousin's household on the date of the accident. Respondent submitted documents to support his claim that he lived at the Castle Hill Apartment complex in the Bronx on the date of the accident. However, he did not establish that defendant's insured, Breilin Tapia-Feliz, was his family member or that Tapia-Feliz was living at the Castle Hill
Apartment on the date of the accident.
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK