Trussell-Slutsky v Mcilmurray (2020 NY Slip Op 03560)





Trussell-Slutsky v Mcilmurray


2020 NY Slip Op 03560


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-07368
 (Index No. 31137/17)

[*1]Meredith Trussell-Slutsky, appellant,
v
Carol Mcilmurray, et al., respondents.


Finkelstein & Partners, LLP, Newburgh, NY (James W. Shuttleworth III of counsel), for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation per se and intentional and negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated May 17, 2019. The order granted the defendants' motion pursuant to CPLR 5015(a)(1), in effect, to vacate a judgment entered February 7, 2019, upon their default in appearing at an inquest on the issue of damages and upon a jury verdict in favor of the plaintiff and against them in the principal sum of $4,058,848.40, and for a new inquest on the issue of damages.
ORDERED that the order is affirmed, without costs or disbursements.
In March 2017, the plaintiff commenced this action, inter alia, against the defendants to recover damages for defamation per se and intentional and negligent infliction of emotional distress. The defendants filed an answer dated June 2, 2017. By order and judgment dated November 15, 2018, following the defendants' failure to provide certain discovery, the Supreme Court struck the defendants' answer pursuant to CPLR 3126 and entered judgment against them on the issue of liability. Thereafter, the defendants failed to appear in court on January 2, 2019, for a scheduled appearance in the trial ready part, and an inquest on the issue of damages was held the next day in their absence. On January 4, 2019, the jury returned a verdict in favor of the plaintiff and against the defendants, awarding $500,000 in compensatory damages and $3,500,000 in punitive damages. A judgment dated February 7, 2019, awarded the plaintiff the principal sum of $4,058,848.40 (hereinafter the judgment).
By notice of motion dated March 5, 2019, the defendants moved pursuant to CPLR 5015(a)(1), in effect, to vacate the judgment and for a new inquest on the issue of damages. The Supreme Court granted the motion, and the plaintiff appeals.
In order to vacate the judgment, the defendants were required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; King v Daniel Shoes, Inc., 180 AD3d 883, 884; Golden v Romanowski, 128 AD3d 1009, 1009). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (Walker v Mohammed, 90 AD3d 1034, 1034; see 555 Prospect Assoc., LLC v Greenwich Design & Dev. Group Corp., 154 AD3d 909, 909).
Here, the defendants' attorney, who had personal knowledge of the facts constituting [*2]the defendants' proffered excuse (cf. Matter of Ramos v Ramos, 174 AD3d 718, 718-719), set forth a detailed and credible explanation for his failure to appear in court on January 2, 2019, and there is nothing in the record to contradict his contention that he was never notified that an inquest on the issue of damages would be held the next day. Under these circumstances, the defendants demonstrated a reasonable excuse for the default (see Mid-Hudson Props, Inc. v Klein, 167 AD3d 862, 864; Sposito v Cutting, 165 AD3d 863, 864; Golden v Romanowski, 128 AD3d at 1010). Furthermore, contrary to the plaintiff's contention, the defendants demonstrated a potentially meritorious defense to the damages claimed by the plaintiff, which included a claim for punitive damages. Although the defendants' answer was stricken, "a defaulting defendant does not admit the plaintiff's conclusion as to damages, and is entitled at an inquest to cross-examine witnesses, give testimony, and offer proof in mitigation of damages" (Golden v Romanowski, 128 AD3d at 1010; see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880; Rokina Opt. Co. v Camera King, 63 NY2d 728, 730-731; Dejesus v H.E. Broadway, Inc., 175 AD3d 1485, 1486; Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126). Here, inasmuch as a defendant's wealth is "material to the assessment of punitive damages" (Matter of 91st St. Crane Collapse Litig., 154 AD3d 139, 157; see McIntyre v Manhattan Ford, Lincoln-Mercury, 256 AD2d 269, 271; Buggie v Cutler, 222 AD2d 640, 642), the defendants were entitled to present such evidence at an inquest.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion pursuant to CPLR 5015(a)(1), in effect, to vacate the judgment and for a new inquest on the issue of damages.
SCHEINKMAN, P.J., COHEN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court