Athanasatos v Johnson (2020 NY Slip Op 51512(U))

[*1]

Athanasatos v Johnson

2020 NY Slip Op 51512(U) [70 Misc 3d 129(A)]

Decided on December 11, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 11, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, WAVNY
TOUSSAINT, JJ

2019-1718 K C

Annette Athanasatos, Appellant,
against
Patrick W. Johnson, Esq., Respondent. 

Annette Athanasatos, appellant pro se.
Patrick W. Johnson, P.C. (Patrick W. Johnson, Esq.), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Jill R.
Epstein, J.), entered August 27, 2019. The order denied plaintiff's motion for a turnover order,
and granted the branches of defendant's motion seeking to vacate a judgment entered July 11,
2019, stay the execution thereof, vacate the restraint upon a bank account located at Signature
Bank, and restore the action to the trial calendar.

ORDERED that the order is modified by deleting the provision thereof granting that branch
of defendant's motion seeking to restore the action to the trial calendar and substituting therefor a
provision granting a new inquest; as so modified, the order is affirmed, without costs.
In 2016, plaintiff retained defendant to provide her with legal representation in a property
dispute and paid defendant a $10,000 retainer. She subsequently terminated defendant's
employment, requested a refund of the unused portion of her retainer, and, after being refused,
sought arbitration of her fee dispute pursuant to the New York State Fee Dispute Resolution
Program (see Rules of Chief Admin of Cts [22 NYCRR] Part 137). Plaintiff was
dissatisfied with the arbitration award, and therefore commenced this action, in May 2017, for a
de novo review of her claim (see Rules of Chief Admin of Cts [22 NYCRR] § 137.8
[a]), seeking the principal sum of $10,000. Defendant answered, denying liability and interposing
a counterclaim. The matter was thereafter set down for trial on September 13, 2017. On that day,
defendant failed to appear, and an inquest was held. Following the inquest, the Civil Court
(Cenceria P. [*2]Edwards, J.) rendered a judgment, entered
October 17, 2017, awarding plaintiff the sum of $6,681.
Plaintiff appealed the October 17, 2017 judgment on the ground of inadequacy. By order
entered May 31, 2019, this court reversed the October 17, 2017 judgment and remitted the matter
to the Civil Court for a new inquest before a different judge (see Athanasatos v Johnson, 63 Misc 3d 160[A], 2019 NY Slip Op
50880[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). On July 5, 2019, a new
inquest was held, at which defendant failed to appear. After the inquest, a judgment was entered
in the Civil Court (Sandra E. Roper, J.) on July 11, 2019 awarding plaintiff the sum of
$12,895.62.
In or about August 2019, a restraining notice was served upon Signature Bank where
defendant allegedly maintained accounts. Thereafter, plaintiff moved for "a turnover court order
to release funds in a joint account" located at Signature Bank, alleging that the July 11, 2019
judgment was still "unsatisfied." Shortly thereafter, defendant moved to, among other things,
vacate the July 11, 2019 judgment, stay the execution thereof, vacate the restraint upon the joint
account, and restore the action to the trial calendar. By order entered August 27, 2019, the Civil
Court (Jill R. Epstein, J.) granted the branch of defendant's motion seeking to vacate the July 11,
2019 judgment, finding that defendant had "not received notice." The court therefore denied
plaintiff's motion for a turnover order and ordered that a "trial on the merits" be scheduled for
January 21, 2020. The court held that all attempts "at this time" to collect on the July 11, 2019
judgment were void and ordered Signature Bank to release half of the funds held from the joint
account back to that account. Plaintiff now appeals.
It is well established that "while a defendant who has defaulted admits all traversable
allegations in the complaint, including the basic allegation of liability, the defendant does not
admit the plaintiff's conclusion as to damages" (Paulus v Christopher Vacirca, Inc., 128 AD3d 116, 126 [2015];
see Amusement Bus. Underwriters v American Intl. Group, 66 NY2d 878, 880 [1985];
Rokina Opt. Co. v Camera King, 63 NY2d 728, 730 [1984]). Consequently, "the
defendant is entitled, at an inquest . . . to determine damages, [to] cross-examine witnesses, give
testimony, and offer proof in mitigation of damages" (Paulus v Christopher Vacirca, Inc.,
128 AD3d at 126; accord Dejesus v H.E.
Broadway, Inc., 175 AD3d 1485, 1486 [2019]; see Rokina Opt. Co. v Camera
King, 63 NY2d at 730; Rawlings v
Gillert, 104 AD3d 929, 931 [2013]; New York Tel. Co. v Siegel Constr. Co., 1 AD3d 329, 329
[2003]).
Here, in support of his motion to vacate the July 11, 2019 judgment, defendant averred, in an
affidavit, that he was never notified that a new inquest on damages would be held on July 5,
2019, and the record is devoid of any evidence that notice of the inquest was, in fact, given to
defendant (see Trussell-Slutsky v
Mcilmurray, 184 AD3d 891, 892 [2020]; Sposito v Cutting, 165 AD3d 863, 865 [2018]). As defendant was
entitled to notice of the inquest (see CPLR 3215 [g]), at which defendant should be
permitted to contest the issue of damages, the July 11, 2019 judgment must be vacated and a new
inquest held, on proper notice (see
Walker v Foreman, 104 AD3d 460, 460 [2013]; New York Tel. Co. v Siegel Constr.
Co., 1 AD3d at 329). The Civil Court was therefore correct in denying plaintiff's motion for
a turnover order and granting the branches of defendant's motion seeking to vacate the July 11,
2019 judgment, stay the execution thereof, and vacate the restraint upon a bank account located
at Signature Bank. The court, however, should not have granted the branch of defendant's motion
seeking to restore the action [*3]to the trial calendar, as its
decision contradicted this court's prior holding in this matter that a new inquest, as opposed to a
trial, should be held after the October 17, 2017 judgment was reversed (see Athanasatos v Johnson, 63 Misc 3d
160[A], 2019 NY Slip Op 50880[U]).
Accordingly, the order is modified by deleting the provision thereof granting that branch of
defendant's motion seeking to restore the action to the trial calendar and substituting therefor a
provision granting a new inquest.
ALIOTTA, P.J., WESTON and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 11, 2020