Bey v City of New York (2024 NY Slip Op 05274)

Bey v City of New York

2024 NY Slip Op 05274

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Kern, J.P., Moulton, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 24662/16 Appeal No. 2905 Case No. 2024-00710 

[*1]Thierry Lamarre Bey, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Kaston & Aberle, LLP, Mineola (Richard M. Aberle of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for respondents.

Order, Supreme Court, Bronx County (Naita A. Semaj, J.), entered on or about August 8, 2023, which denied plaintiff's motion to vacate a default judgment dismissing the complaint against defendant City of New York, unanimously affirmed, without costs.
The court providently exercised its discretion in denying plaintiff's motion to vacate, because, notwithstanding plaintiff's showing of merit, he failed to demonstrate a reasonable excuse for failing to oppose the City's motion to dismiss (see CPLR 5015[a][1]; see also Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 540 [1st Dept 2016]). While plaintiff's counsel adequately explained the failure to respond to the hard copy of the City's motion, counsel failed to explain why he did not e-file a notice of appearance (thereby ensuring he would have received notice of the motion to dismiss via the court's e-filing system) until November 2021, well after he informed the City of his representation of plaintiff. This occurred after he received plaintiff's file, which he suggested he needed to properly address this case (see Imovegreen, LLC, 139 AD3d at 540).
Moreover, the court properly found that counsel's failure to respond to the City's motion was part of a larger pattern of neglect (see id.; see also Spivey v City of New York, 167 AD3d 487 [1st Dept 2018], lv dismissed 35 NY3d 936 [2020]). For example, plaintiff has not explained why his second and third counsel did not fully comply with a September 3, 2020 discovery order until March 2023, when current counsel filed his motion to vacate (see Myzak v Rosania, 227 AD3d 548, 549 [1st Dept 2024]). Plaintiff also has not explained why, after his current counsel learned of the March 2022 order of dismissal and failed to reach plaintiff by phone, counsel did not notify plaintiff of the order by mail or seek to vacate the default until almost a year after notice of entry of the order (see Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454, 455 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]; Pichardo-Garcia v Josephine's Spa Corp., 91 AD3d 413, 414 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024