**4168 Brokerage Inc. v Reynoso**

2024 NY Slip Op 34386(U)

December 17, 2024

Supreme Court, New York County

Docket Number: Index No. 155462/2021

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. ADAM SILVERA** | |
| | *Justice* | |

-------------------------------------------------------------------X

4168 BROKERAGE INC.,

                Plaintiff,

           - v -

RYAN REYNOSO, ORCA MULTISERVICE LLC

               Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | **01M** |
| INDEX NO. | 155462/2021 |
| MOTION DATE | 08/05/2024, 10/30/2024 |
| MOTION SEQ. NO. | 004 005 |

## DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 004) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 86, 87, 88

were read on this motion to/for       **REARGUMENT/RECONSIDERATION** .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 83, 84, 85, 89, 90, 91

were read on this motion to/for       **LEAVE TO FILE** .

Upon the foregoing documents and for the reasons set forth below, the Court denies the motion by defendant Ryan Reynoso ("Defendant") for leave to file a late reply on his motion to vacate this Court's decision after inquest, dated May 30, 2024 (the "Court's Decision After Inquest"); grants in part the motion by Defendant to vacate the Court's Decision After Inquest and to schedule a new inquest, only as to punitive damages; and denies the cross-motion by the plaintiff, 4168 Brokerage Inc. ("Plaintiff"), for attorney's fees and sanctions against Defendant and Defendant's counsel.

I.    Defendant's Motion for Leave to File Late Reply

The Court denies Defendant's motion for leave to file a late reply on the underlying motion to vacate this Court's Decision After Inquest, pursuant to CPLR § 2214(b), as Defendant failed to show good cause for the delay in filing.

**155462/2021  4168 BROKERAGE INC. vs. BANK OF AMERICA, NATIONAL ASSOCIATION ET AL**      **Page 1 of 7**
**Motion No.  004 005**

1 of 7

[* 1]

CPLR § 2214(b) provides the "[t]ime for service of notice and affidavits."

CPLR § 2214(c) provides one consequence of failing to abide by the timing requirements of CPLR § 2214(b): A court need not read late papers, unless the court grants leave to file the papers "for good cause" shown. *See Kershaw v Hosp. for Special Surgery*, 114 AD3d 75, 83 (1st Dep't 2013) ("[W]here a motion is untimely, the movant must show good cause for the delay, otherwise the late motion will not be addressed."). To show good cause, "[t]he delinquent party must offer a valid excuse for the delay." *Miglionico v Arbors Homeowners' Assn., Inc.*, 184 AD3d 818, 820 (2d Dep't 2020), quoting *Tec-Crete Tr. Mix Corp. v Great Am. Ins. Co. of N.Y.*, 167 AD3d 806, 807 (2d Dep't 2018) (internal quotation marks omitted).

Here, Defendant has fallen far short of showing good cause for his late reply. Defendant claims that he did not receive "some information necessary to draft a [r]eply" from the Office of Court Administration, without specifying what the allegedly missing information was. *See* Affirmation in Support of Motion ("Motion for Leave to File") ¶ 5.[1] Defendant's obfuscation should not be rewarded, particularly given Defendant's "larger pattern of neglect" in this case.[2] *Bey v City of New York*, — AD3d —, 2024 NY Slip Op 05274 (1st Dep't 2024). Thus, Defendant's motion for leave to file a late reply is denied.

---

[1] Defendant also argues that there is no "indication the motion has been closed for submission," so that "it is unclear whether Defendant requires leave of court to" submit the reply. *See id.* ¶ 6. The motion was marked fully submitted on August 27, 2024. *See* Opposition to Motion for Leave to File, Exh. A, eCourts notifications, filed Nov. 7, 2024. Defendant voluntarily chose this date as the return date on the motion to vacate the Court's Decision After Inquest. *See* Notice of Motion for Relief from Judgment and to Reopen Inquest, dated August 5, 2024. There is no indication that Defendant ever asked for an adjournment of this return date. As such, Defendant's arguments on this issue are unavailing.

[2] The Court notes that Defendant previously erroneously failed to oppose Plaintiff's motion for summary judgment as to liability, which was granted without opposition on September 6, 2022. Thereafter, Defendant waited over a year to file a motion to vacate the grant of summary judgment and the Note of Issue. Such motion was denied on January 12, 2024. On March 25, 2024, five days after the inquest, Plaintiff's counsel electronically filed inquest exhibits, at which point Defendant should have been aware that an inquest had been held. Yet Defendant did not seek the relief sought herein until July 2024. Defendant's pattern of delay cannot be ignored.

[* 2]

## II.   Defendant's Motion to Vacate the Court's Decision After Inquest

The Court grants in part Defendant's motion to vacate the Court's Decision After Inquest and to schedule a new inquest, only as to punitive damages.

A court may vacate a default judgment if the defendant "establish[es] both a reasonable excuse for the default and a potentially meritorious defense to the action" and if justice requires vacatur. *979 Second Ave. LLC v Chao*, 227 AD3d 436, 436 (1st Dep't 2024); *see also* CPLR § 5015(a)(1) (noting that "[t]he court which rendered a judgment or order may relieve a party from [the judgment or order] upon such terms as may be just[]"); *Spira v New York City Tr. Auth.*, 49 AD3d 478, 478 (1st Dep't 2008) (noting New York's "preference for resolving controversies upon the merits" and reversing the trial court's grant of a default judgment because there was "no evidence that [the] plaintiff [would be] prejudiced[]" by reversal, whereas the "defendant [would] be severely prejudiced" by non-reversal).[3]

A reasonable excuse for defaulting on an inquest exists when a defendant did not have actual notice of the inquest date. *See Herszdorfer v Maimonides Med. Ctr.*, 79 Misc 3d 1214[A], 2023 NY Slip Op 50623[U], *8-9 (Sup Ct, Kings County 2023) (finding that the defendant had a reasonable excuse because "he was not served with notice of [the] inquest"); *cf. On Kee Foods,*

---

[3] Defendant argues that a defendant need not show a potentially meritorious defense when they can show that they did not receive actual notice of the inquest date. *See* Affirmation in Support of Motion to for [sic] Relief from Judgment and to Reopen Inquest ("Motion to Vacate") ¶¶ 16-20. This is the law of the Second Department; it is unclear at best, for defendant, that this is the law of the First Department, which is the law that applies to this case. *Compare, e.g., Notaro v Performance Team*, 161 AD3d 1093, 1095 (2d Dep't 2018), quoting *Bonik v Tarrabocchia*, 78 AD3d 630, 632 (2d Dep't 2010) (noting that when a defendant does not receive actual notice, "the defendant's default is considered a nullity and vactur [sic] of the default 'is required as a matter of law and due process, and no showing of a potentially meritorious defense is required'"), *with Diggs v Karen Manor Assoc., LLC*, 117 AD3d 401, 402-403 (1st Dep't 2014) (vacating a judgment, albeit pursuant to CPLR § 317, when the defendant "demonstrated that it lacked actual notice ... *and* that it had a meritorious defense") (emphasis added), *and CIT Group/Commercial Servs., Inc. v 160-09 Jamaica Ave. Ltd. Partnership*, 25 AD3d 301, 305 (1st Dep't 2006, Saxe, J., dissenting), quoting *Marinoff v Natty Realty Corp.*, 17 AD3d 412, 413 (2d Dep't 2005) (noting that when a defendant lacks actual notice, "[t]he defendant need not show an excuse for the default" so long as the defendant can show a "'*potentially* meritorious' defense"). In any event, the Court need not decide the issue, as Defendant has a potentially meritorious defense.

[* 3]

*Inc. v 7 Eldridge LLC*, 80 AD3d 462, 462 (1st Dep't 2011) (accepting the premise that a lack of notice, if supported by sufficient facts, is a reasonable excuse, albeit not finding sufficient facts in the defendant's particular case); *Matter of Chantel C.*, 189 AD3d 532, 533 (1st Dep't 2020) (same). And a potentially meritorious defense exists when punitive damages are awarded at an inquest that defendant did not have actual notice of. *See Trussell-Slutsky v Mcilmurray*, 184 AD3d 891, 893 (2d Dep't 2020).

Here, Defendant has established both a reasonable excuse and a potentially meritorious defense. As for a reasonable excuse, Defendant has established that he did not have actual notice of the inquest date. Even though the parties were notified of the inquest date via e-Track, and such date was posted on eCourts, Defendant's counsel states that he did not have an e-Track account. *See* Motion for Leave to File ¶ 5. Although this Court strongly recommends that attorneys maintain an e-Track account and take on the responsibility of tracking their own case(s), the Court understands that having an e-Track account is suggested but not mandatory. *See* New York County Supreme Court, Civil Branch, Rules of the Justices, Rule 3, available at https://www.nycourts.gov/LegacyPDFS/courts/1jd/supctmanh/Uniform_Rules.pdf (accessed Dec. 16, 2024). Given that e-Track provided the only notice of the inquest in this case, Defendant did not have actual notice of the inquest and thus has a reasonable excuse for failing to attend. *See Columbus Sponsorship, LLC v Millenia Partners, LLC*, 2014 WL 655287, *2, 2014 N.Y. Misc. LEXIS 647, *4 (Sup Ct, NY County, Feb. 13, 2014, Nos. 110957/2009, 113412/2009 (LBY)) (vacating a default, in part because defendants had "an adequate excuse" for not appearing since the defendants' counsel did not have an e-Track account—despite having been advised to create one).

**155462/2021  4168 BROKERAGE INC. vs. BANK OF AMERICA, NATIONAL ASSOCIATION ET AL**     **Page 4 of 7**
**Motion No. 004 005**

[* 4]

4 of 7

Just as Defendant has established a reasonable excuse, he has established a potentially meritorious defense as to punitive damages only. *See* Court's Decision After Inquest at 2 (awarding $500,000 in punitive damages). Since "[D]efendant's wealth is 'material to the assessment of punitive damages,'" Defendant was "entitled to present ... evidence" on his wealth at the inquest. *Trussell-Slutsky*, 184 AD3d at 893, quoting *Matter of 91st St. Crane Collapse Litig.*, 154 AD3d 139, 157 (1st Dep't 2017).[4]

Thus, in light of New York's desire to decide cases on the merits, *Spira*, 49 AD3d at 478, the Court grants in part Defendant's motion to vacate the Court's Decision After Inquest and to schedule a new inquest, only as to punitive damages (i.e., the portion of the Court's Decision After Inquest awarding $154,969.18 in compensatory damages is not vacated).

### III. Plaintiff's Cross-Motion for Attorney's Fees

The Court denies the cross-motion by Plaintiff for attorney's fees and sanctions against Defendant and Defendant's counsel.

A court may sanction a party "who engages in frivolous conduct" and may "reimburse[]" the opponent for "reasonable attorney's fees" flowing from the frivolous conduct. Rules of the

---

[4] Plaintiff argues that punitive damages is a non-issue in this case for several reasons. First, Plaintiff argues that punitive damages are warranted given Defendant's bad acts and that the Court considered "all of the relevant documents, including forged checks and bank records." *See* Affirmation in Opposition to Motion for Relief from Judgment and to Reopen Inquest ("Opposition to Motion to Vacate") ¶¶ 10-11, 14, 16. That the Court considered the documents relevant to the issue of compensatory damages is undisputed. But Plaintiff's arguments do not speak to the issue whether Defendant's wealth was considered in awarding punitive damages.

Second, citing *Hall v Middleton*, 227 AD3d 590 (1st Dep't 2024), Plaintiff argues that not considering Defendant's wealth before awarding punitive damages is not "fatal." *See* Opposition to Motion to Vacate ¶ 13. *Hall*, however, is inapposite, as it merely stands for the proposition that when a trial court issues a reasoned punitive damages award that considers "the impact on [the defendant]," the defendant-appellant, if arguing that the trial court did not consider their wealth, must "point to" specific evidence supporting their argument. 227 AD3d at 591. Here, that Defendant's wealth was not considered is undisputed.

Lastly, Plaintiff argues that "a 'potentially' meritorious defense falls short of the standard for vacatur. One needs an actual meritorious defense." Affirmation in Opposition to Motion for Leave to File Reply Out of Time on Fully Submitted Motion for Relief from Judgment and to Reopen Inquest ¶ 7. Plaintiff is wrong on the law. *See Chao*, 227 AD3d at 436 ("On a motion to vacate a default judgment pursuant to CPLR 5015 (a) (1), defendant must establish both a reasonable excuse for the default and a potentially meritorious defense to the action.").

**155462/2021  4168 BROKERAGE INC. vs. BANK OF AMERICA, NATIONAL ASSOCIATION ET AL**     **Page 5 of 7**
**Motion No. 004 005**

[* 5]                                                    5 of 7

Chief Administrator of the Courts (22 NYCRR) § 130-1.1(a). Frivolous conduct is conduct "completely without merit in law" that "cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;" conduct "undertaken primarily to delay ... the litigation, or to harass or maliciously injure another; or" conduct "assert[ing] material factual statements that are false." *Id.* § 130-1.1(c). In other words, frivolous conduct involves "extreme behavior." *Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp.*, 54 AD3d 296, 296 (1st Dep't 2008). In determining whether conduct is frivolous, the court should carefully consider the context in which the conduct occurs. 22 NYCRR § 130-1.1(c).

Here, Plaintiff claims that Defendant's motion to vacate the Court's Decision After Inquest warrants reimbursement of Plaintiff's attorney's fees and sanctions against Defendant and Defendant's counsel. *See* Opposition to Motion to Vacate ¶ 18; Opposition to Motion for Leave to File ¶ 11. But Plaintiff has not explained how or why Defendant's motion to vacate reflects "extreme behavior." *Hunts Point*, 54 AD3d at 296. To the contrary, that Defendant's motion to vacate was partially successful shows that Defendant's conduct, in bringing the motion, was not frivolous. Thus, Plaintiff's motion for attorney's fees and sanctions against Defendant and Defendant's counsel must be denied.

Accordingly, it is

ORDERED that Defendant's motion for leave to file a late reply on the motion to vacate the Court's Decision After Inquest, pursuant to CPLR § 2214, is denied; and it is further

ORDERED that Defendant's motion to vacate the Court's Decision After Inquest, pursuant to CPLR § 5015, is granted in part, to vacate the decision and reopen the inquest only as to punitive damages; and it is further

155462/2021   4168 BROKERAGE INC. vs. BANK OF AMERICA, NATIONAL ASSOCIATION ET AL          Page 6 of 7
Motion No.  004 005

6 of 7

[* 6]

ORDERED that Plaintiff's motion for attorney's fees and sanctions against Defendant and Defendant's counsel, pursuant to 22 NYCRR § 130-1.1(a), is denied; and it is further

ORDERED that all parties must appear for a Part 40 conference in room 300 of 60 Centre Street, New York, NY 10007, on January 16, 2025, at 9:30am to schedule a date for the inquest on punitive damages; and it is further

ORDERED that within 30 days of entry Defendant shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

___12/17/2024___
DATE

ADAM SILVERA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155462/2021  4168 BROKERAGE INC. vs. BANK OF AMERICA, NATIONAL ASSOCIATION ET AL**     Page 7 of 7
**Motion No.  004 005**

7 of 7

[* 7]