| **Hersko v Hersko** |
| --- |
| 2025 NY Slip Op 31566(U) |
| April 30, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 520492/2021 |
| Judge: Wayne Saitta |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 29 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 30th day of April 2025.

P R E S E N T :

HON.   WAYNE SAITTA, Justice.

-----------------------------------------------------------------X

ABRAHAM HERSKO and MORRIS HERSKO
As CO-EXECUTORS of the ESTATE OF
ISAAC HERSKO a/k/a YITZCHOK SHLOMO
HERSKO,

                            Plaintiffs,

          -against-

BARRY HERSKO a/k/a ZEV DOV HERSKO
a/k/a BEREL HERSKO, BELLA HERSKO,
WILSON-HINS ASSOCIATES, INC, CLARK
WILSON, INC., WILSON PROPERTIES &
EQUITIES, INC., WILSON FLAT, INC., WILSON
HAN ASSOCIATES, INC., WILSON-MER
ASSOCIATES, INC., B. CLARK ASSOCIATES, INC.,
516 KINGSTON, LLC and

ABRAHAM WEISEL, as escrow agent,

                       Defendants.

-----------------------------------------------------------------X

Index No 520492/2021

DECISION AND ORDER

MS 47

The following papers read on this motion:

NYSCEF Doc Nos

| | |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Affidavits (Affirmations) and Exhibits | 981-990 |
| Cross-motions Affidavits (Affirmations) and Exhibits | |
| Answering Affidavit (Affirmation) | 999 |
| Reply Affidavit (Affirmation) | 1000-1001 |
| Supplemental Affidavit (Affirmation) | |

Plaintiffs move to strike Defendant's demand for a jury.

This action stems from a dispute between two brothers, Plaintiff ISAAC HERSKO who has since deceased, and Defendant BARRY HERSKO ("the brothers"), concerning

[* 1]

nine real properties, as well as income from various other joint business ventures undertaken by the brothers.

Plaintiff sought, the imposition of a constructive trust on nine real properties: located in Brooklyn (collectively, the "Real Properties"), and a declaration that Plaintiff was 50% owner of each Property.

The Plaintiff also sought a declaration, that he is 50% partner of other business investments of the brothers. Plaintiff further sought an accounting and money damages relating to income from the real properties and from the other businesses.

Plaintiff moved for a default judgement and the motion was granted by Judge Karen Rothenberg in a decision dated April 21, 2022. That decision was affirmed by the Appellate Division.

Although, Judge Rothenberg granted the motion for a default judgment a judgment has not yet been issued.

Plaintiff ISAAC HERSKO died on October 26, 2024. Subsequently ABRAHAM HERSKO and MORRIS HERSKO, co-executors of the Estate of ISAAC HERSKO moved to be substituted as Plaintiffs.

By order dated February 13, 2025, the Court granted the substitution as to those claims relating to the Real Properties. The Court dismissed, as extinguished, Plaintiff's claims relating to businesses and investments apart from the Real Properties, as Plaintiff conceded that those businesses and investments were partnership properties.

That Order also set the matter down for an inquest on damages to be held upon filing of a Note of Issue.

On March 6, 2025, Plaintiffs filed a Note of Issue without a jury demand.

On March 19, 2025, Defendants served a jury demand.

2

[* 2]

Plaintiffs have now moved to strike the Defendants' jury demand on two grounds. First, that Defendants have waived the right to demand a jury by defaulting. Second, that the claims to be determined at inquest are not claims that are triable by a jury.

Defendants argue that a defaulting defendant does not automatically waive the right to a jury, and that pursuant to CPLR 4101(2), they are entitled to a jury as to the claims for a declaratory judgment and constructive trust which effect ownership of the Real Properties. The Court need not reach the question of whether a defendant who defaults in answering waives the right to a jury, because none of the claims remaining in the case are triable by a jury.

In the Decision and Order granting substitution, the Court dismissed only those claims that were related to the nine Real Properties. This left causes of action one and two as well as those claims asserted as part of causes of action 3 through 6 which were based on claims for income and profits from the Real Properties.

However, at a hearing before the Court on April 22, 2025, Plaintiffs withdrew their claims for monetary damages. As a result, the third through sixth causes of action have been withdrawn. That portion of the fifth cause of action that sought an accounting of income and profits from the Real Properties it is duplicative of that part of the first cause of action that seeks a declaratory judgment that Plaintiffs are entitled to an accounting.

Therefore, the only causes of action remaining in the case and for which Plaintiffs may seek relief at the inquest are the first and second causes of action.

While there are two causes of action, they contain three claims for relief, 1) a declaration that Plaintiff is 50% owners of the properties, 2) a declaration that Plaintiff is entitled 50% of the income and profits from the Properties and an accounting of the income and profits in the Properties, and 3) a constructive trust on the Properties.

3

[* 3]

The right to a jury does not attach to equitable claims. *(Williams v Eason,* 78 AD3d 935 [2d Dept 2010]; *Ingenuit Ltd. V Harriff,* 56 AD3d 428 [2d Dept 2008]).

As Plaintiffs have now withdrawn any claim for monetary damages, that portion of the first cause of action that seeks an accounting is an equitable claim.

Plaintiffs' claim for an accounting is not a claim that is actually only seeking a money judgment. (see *Con Edison of NY v East Coast Power & Gas LLC,* 224 AD3d 496 [1st Dept 2024]*; Abrams v. Rogers,* 195 AD2d 349 [1st Dept 1993]). The claim does not seek a determination of the amount of income or profit owed to Plaintiff. It seeks only a declaration that Plaintiff is entitled to 50% of the income and profits of the Properties and for Defendants to provide an accounting the income and profits.

The balance of the first cause of action, which seeks a declaration that Plaintiff is a 50% owner of the properties, and the second cause of action, which seeks a constructive trust, are connected and based on the same facts.

Plaintiffs' claim to a 50% interest in the properties is not based on a claim that ISAAC HERSKO legal title. The complaint does not allege the Plaintiff held legal title in the properties or held the shares of the corporations owning the properties.

The complaint acknowledges that title to the Properties is held by separate corporations of which BARRY HERSKO is the shareholder. The claim for a declaratory judgment is based on the allegation that ISAAC HERSKO agreed to provide the money to purchase these Properties in reliance on a promise by BARRY HERSKO that he would hold the Properties for the benefit of himself and ISAAC HERSKO equally.

These are the same facts that establish Plaintiff's right to a constructive trust. The first cause of action alleges no other basis for a declaration of ownership other than the above mentioned agreement.

4

[* 4]

Whether a claim for a declaratory judgment entitles a party to a jury trial depends on the nature of the relief sought and what type of action would have been used to assert the claim if it had not been brought as a declaratory judgment. (*Trimarco v. Data Treasury Corp.,* 146 A.D.3d 1004, [2d Dept 2017]; *State Farm Mut. Auto. Ins. Co. v. Sparacio,* 25 A.D.3d 777, [2d Dept 2006]).

A claim for the imposition of a constructive trust is an equitable claim which is not triable by a jury. (*Quadrozzi v. Estate of Quadrozzi*, 99 AD3d 688 [2d Dept 2012]).

Defendants argue that because the first two causes of action an interest in real property they are entitled to a jury pursuant to CPLR 4101(2).

CPLR 4101(2) provides for the right for a trial by jury "for determination of a claim to real property under article fifteen of the real property actions and proceedings law [RPAPL]". Article 15 of the RPAPL covers claims for an estate or interest in real property. RPAPL 1501(1).

However, it has already been conceded by Defendants' default that the agreement between the brothers was that title to the Properties would be held by corporations of which BARRY HERSKO was the sole shareholder, and that he promised that he would hold the Properties for the benefit of both he and ISAAC HERSKO, each as 50% owners.

Judge Rothenberg has already granted Plaintiff's motion for a default judgment and determined as part of that decision, that Plaintiff had set forth sufficient facts to state a viable cause of action for the imposition of a constructive trust over the subject properties, and that BARRY HERSKO's affidavit did not dispute the allegations contained in the complaint.

5

[* 5]

By the granting of the motion for a default judgment Defendants are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them. (*Rokina v Camera King,* 63 NY2d 728 [1984]).

As the Plaintiffs have withdrawn their monetary claims, the scope of the inquest is only what equitable remedies Plaintiffs are entitled to on their first two causes of action.

While a defendant who has defaulted admits all traversable allegations in the complaint, including the basic allegation of liability, the defendant does not admit the plaintiff's conclusion as to damages and may offer evidence in mitigation of the amount of the award. (*Rokina Opt. Co. v. Camera King*, 63 NY2d 728, 730 [1984]; *Trussell-Slutsky v Mcilmurray*, 184 A.D.3d 891, [2d Dept. 2020]).

However, at inquest the defendant will not be allowed to introduce evidence tending to defeat the plaintiff's cause of action. (*Rokina Opt. Co. v. Camera King*, 63 NY2d 728, 730 [1984]; *Carters Home Gyms LLC v Pulse Group USA Inc.,* 236 A.D.3d 982 [2d Dept 2025]).

What is to be determined at inquest is whether the appropriate remedy based on these traversable facts is to impose a constructive trust on the properties or on the shares of the corporations, a declaration of Plaintiffs' share if the income and rents from the Properties and whether Plaintiffs are entitled to an accounting.

Wherefore it is hereby ORDERED that Plaintiffs' motion to strike Defendants' jury demand is granted.

E N T E R:

_____
JSC

6

[* 6]