Aguilar v TMP Wireless, Inc.
2026 NY Slip Op 03725
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Francisca Aguilar, Plaintiff-Appellant,
v
TMP Wireless, Inc., Defendant, 601-609 West 175th St. Corp., Defendant-Respondent.

Decided and Entered: June 11, 2026
Index No. 151599/20|Appeal No. 6855|Case No. 2025-07348|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

The Levy Law Firm, P.C., New York (Jamie B. Levy of counsel), for appellant.
Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Matthew G. Corcoran of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about October 9, 2025, which granted the motion of defendant 601-609 West 175th St. Corp. to dismiss the complaint as against it, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting defendant's motion to dismiss the action for failure to prosecute (see CPLR 3216). Defendant satisfied the prerequisites of CPLR 3216 by serving plaintiff with the court's order dated November 15, 2023, which warned that her failure to file a note of issue within 90 days would result in dismissal of the action (see CPLR 3216[b][3]; Perez v City of New York, 95 AD3d 675, 676-677 [1st Dept 2012]). In response, plaintiff failed to timely serve and file a note of issue or move to extend the time in which to comply with the demand (see Grant v City of New York, 17 AD3d 215, 217 [1st Dept 2005]). Indeed, it was only after defendant moved to dismiss for failure to prosecute that plaintiff filed a note of issue. The filing was effected almost two years after the court's November 15, 2023 order and six months after respondent served her with that order a second time.
Moreover, plaintiff's conclusory and unsubstantiated claim of law office failure due to firm relocations and staffing changes failed to establish a justifiable excuse for the delay (see Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]), particularly in light of her extensive history of dilatory litigation conduct (see Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 540 [1st Dept 2016]). Given plaintiff's failure to provide a reasonable excuse for her delay, we need not address whether she had a meritorious defense (Stewart v Petrolite Inc., 210 AD3d 546, 547 [1st Dept 2022]).
The court's scrivener's error in its sole reference to CPLR 3126 instead of CPLR 3216 did not render the order defective where the court repeatedly referred to and quoted from CPLR 3216, making it clear that the action was dismissed under the governing standards of the correct statute.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026